Judge Robertson,
delivered the opinion of the Court.
The appellants, having prosecuted an appeal, to the court of Appeals, Messrs. Barry, Hag-gin, Trimble, and Davidge, dismissed it in 1825, because the record was not filed with F. P. Blair, who. was acting as clerk to them. A certificate of the dis-mission, signed by Blair, as clerk of the court of appeals, was presented to the circuit court of Bourbon, (from which the appeal had been taken,) and although objected to by the counsel of the appellants, was received and entered on the record by the court; and thereupon a habere facias, was directed to issue, to carry into effect the original decree, to reverse which, the appeal had been granted.
The only question presented for our decision, is, whether the court erred in obeying the mandate of Messrs. Barry, &c., certified jy F. P. Blair? And a solution of this question depends on another, viz: whether Barry, &c. were judges of the court of appeals, and Blair its clerk?
Although they assumed the functions of judges and clerk, and attempted to act as such, their acts in that *207 character, are totally null and void, unless they had been regularly appointed, under, and according to the constitution. A defacto court of appeals cannot exist under a written constitutioh, which ordains one supreme court, and defines the qualifications and dirties of its judges, ami prescribes the mode of appointing them.
There can be k“*one ?ourt An& office* facto cannot tion?°niVis'a eoleeism. It °nl7 result*. ty°,™ hereS91" there is a to-subversion government and á usurpadon of all the While the executive and legislative department remain, there /a^0 jud^ciaf department, or head of. imless it also be so dejwe.
There cannot be more than one court of appeals in Kentucky, as long as the constitution shall exist; and that must necessarily be a court “dejure" When the government is entirely revolutionized, and all its departmenls usurped by force, or the voice of a majority, then prudence recommends, and necessarily enforces obedience to the authority of those who may act as the public functionaries; and in such a case, the acts of a de facto executive, a decáelo judiciary; and of a de facto legislature, must be recognized as valid. But this is required by political necessity. There is no government in action, excepting the government defacto; because all the attributes of sovereignty, have, by usurpation, been transferred from those who had been legally invested with them, to others; who, sustained by a power above the forms of law, claim to' act, and do act in their stead.
but when the constitution, or form of government; remains unaltered and supreme, there can be no de facto department, or de facto office. The acts of the incumbents of such department, or office, cannot be enforced conformably to the constitution, and can be regarded as valid, only when the government is overturned. When there isa constitutional executive and legislature, there cannot be any other than a constitutiorial judiciary. Without a total revolution, there can be no such political solecism in Kentucky’, as a “defacto" court of appeals. There can be' no such court, whilst the constitution has life and power. There has been none such.
, There might be under our constitution, and there have been “defacto" officers. But there never was and never can be, under the present constitution, a “defacto" office.
The gentlemen who directed the appeal in this case to be dismissed, and the one who certified the ordeiS *208 did not hold office in the court of appeals. The legislature had attempted to abolish the court of appeals, ordained and established by the constitution, and create, in its stead* a new court. This attempt was ineffectual for want of legislative power. • The oflF cers attempted to be cfeated, never had a constitutional existence; and those who claimed to hold them, had no rightful or legal power. They were not appoinféd to the court of appeals, fixed by the constitution. Tbfey did not claim to' exercise the function^ of this court. Their tribunal claimed to derive its origin from the fiat of the legislature. The court of appeals, had not been, and coiild hot be abolished. Its judges had not been removed from office, and were acting and ready to continue acting as judges. The act of the legislature, did not intend to superadd four judges to the number already in office in the court of appeals. It cannot receive, and never hbs received such a construction.
Barry, &c, who claimed to be judges under legislative act, hud no power; all their acts, as well as those of the pretended clerk* were null and void. They were neither officers de facto nor dejure.
The gentlemen* who acted as judges of the legislative tribunal, did not claim to be, and certainly were not associates of the judges of the constitutional court; They were not their successors. They were not the incumbents or de jure or de facto offices. JSfor were they defacto officers of dejure offices. For if such a thing could bé, ás a dé fado judge cif the court of appeals, of the constitution, these gentlemen did not hold any such place, fot the' reasons before assigned. They had no official rights of powers; The appellants were nbt hound to file their record frith their clerk. It would have been useless to do só‘. They choSe not to do it, and cannot be prejudiced by buy thing which individuals, destitute of Sufficient authority, may have thought fit to venture to do with the appeal. The appeal was not taken to theih, it was not properly before them; and every thing which they attempted in relarelation to it is literally void. Théifacís cannot be enforced by law.
Such is the inevitable consequence of the decision, that they were not judges; that they were not, is our unhesitating opinion; arid this opinion is sustained by that of the sovereign people, in their electoral and legislative assemblies; and has been frequently re-' *209 iterated bv the unanimous judgments of dut predecessors on motions and otherwise.
Hanson, for appellants; Talbot and Shepherd, for the appellee.
The circuit court proceeded on the assumption, that either this new tribunal was the court of appeals; or that it was such a de facto court ás could exercise judicial functions “ad enterim.”
In this, the court erred. Therefore the judgment is reversed.