CASE 82—ACTION TO RECOVER TAXES—DEC. 21.

# City of Somerset v. Somerset Banking Co.

## APPEAL FROM PULASKI CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS, DEFENDANT PROSE-
CUTING A CROSS APPEAL. AFFIRMED ON ORIGINAL APPEAL AND RE-
VERSED ON CROSS APPEAL.

MUNICIPAL CORPORATIONS—QUORUM OF COUNCIL FILLING VACANCY IN
COUNCIL—DE FACTO OFFICERS—TAX LEVY—SET-OFF AGAINST
TAXES.

Held:  1. Where a council consists of six members, with the mayor
as presiding officer, the mayor and three of the councilmen do
not constitute a quorum, and their acts are void.

2. Where less than a quorum of a city council attempted to fill a sup-
posed vacancy in the council when none in fact existed, their ap-
pointee was not a *de facto* officer, though he qualified and acted
as councilman, as the person whose place he was appointed to
fill, though he failed to attend the meetings of the council, con-
tinued to be councilman, both *de facto* and *de jure*.

3. Under Kentucky Statutes, section 3486, providing that three-
fourths of the members of the council of a city of the fourth
class voting affirmatively may, for any good cause, expel any
member, the act of less than that number of members declaring
vacant the seat of a member for his willful failure to attend the
meetings of the council does not create a vacancy.

4. A tax levied by less than a quorum of a city council is void.

5. Under Constitution, section 180, an order of a city council levy-
ing a tax is void unless it distinctly specifies the purpose for
which the tax is levied.

6. Where a tax levy made by a city council is void for failure to
specify the purpose for which the tax was levied, the council
may subsequently make a proper levy.

7. A set-off can not be pleaded against the claim of a city for taxes.

8. Under Kentucky Statutes, section 3546, a city of the fourth class
may sue for taxes.

O H. & R. B. WADDLE AND ELBERT WESLEY, ATTORNEYS FOR AP-
PELLANT.

We find we have five material questions to deal with in this case,
as follows:

*First.* The sufficiency of the petition.

*Second.* The sufficiency of the tax levy for 1897, 1898, and 1899.

*Third.* The validity of the tax levy for 1898 by a *de facto* board of councilmen.

*Fourth.* The right of the appellee to plead the set-off and counter claim to which a demurrer was sustained.

*Fifth.* The responsibility of the defendant banking company for municipal taxation for the period of time for which the taxes are sought to be recovered.

## AUTHORITIES CITED.

1. As to sufficiency of petition: Ky. Stats., sec. 3546; Green v. City of Covington, 83 Ky., 410; Schuck v. Lebanon, 21 Ky., 969.
2. As to sufficiency of tax levies: 25 Am. & Eng. Ency. of Law, 190; Pulaski County v. Watson, 21 Ky. Law Rep., 61; City of Middlesboro v. Coal & Iron Bank, 22 Ky. Law Rep., 380; Devan v. Connors, 16 Ky. Law Rep., 286; Auditor v. City of Louisville, 22 Ky. Law Rep., 423.
3. As to *de facto* officers: City of Somerset v. Smith, 20 Ky. Law Rep., 1488; Smith v. Cansler, 83 Ky., 367; L. & N. R. R. v. Trustees, 13 Ky. Law Rep., 638; 5 Am. & Eng. Ency. of Law, 96; Wilson v. King, 3 Litt., 459; Justice Jefferson County v. Clark, Mon., 86; Rice v. Commonwealth, 3 Bush., 17; Hoglan v. Carpenter, 4 Bush., 90.
4. As to liability of banks to local taxation: Constitution, secs. 171, 174; Ky. Stats., 4077; Owensboro Nat. Bank v. City of Owensboro, 173 U. S., 851; Henderson Nat. Bank v. City of Henderson, 19 Ky. Law Rep., 728; Citizens Sav. Bank v. Owensboro, 172 U. S., 840; Middlesboro v. Coal & Iron Bank, 22 Ky. Law Rep., 380.

CURD & SMITH AND JAS. DENTON FOR APPELLEE.

The questions to be determined are:

*First.* The validity of the alleged taxes for the years 1897, 1898 and 1899.

*Second.* The power of the alleged council, who undertook to lay the levy for the year 1898.

1. We contend that no levy was made for either of the years 1897, 1898, or 1899. It is not our contention that the levy was invalid, but that no levy has, in fact been made at all.
2. We maintain further, that before the taxes become a debt that can be collected by law, the levy must be made prior to July of the year for which the tax is to be collected, and that it does not become a debt until the first Monday in November after the tax was levied.

**3.** In the second place, we contend that the parties assuming to act in the place of the three regular councilmen, were usurpers, and not *de facto* public officers, and none of their acts were valid, and the levy for 1898 is void.

### AUTHORITIES CITED.

Pulaski Co. v. J. H. Watson, 21 Ky. Law Rep., 61; City of Middlesboro v. Coal & Iron Bank, 22 Ky. Law Rep., 380; City of Louisville v. Lou. Gas. Co., 15 Ky. Law Rep., 177; City of Lou. v. Cochran, &c., 5 Ky. Law Rep., 833; 7 Ky. Law Rep., 763; City of Somerset v. Smith, 20 Ky. Law Rep., 1488; Ky. Stats., 3536, 3546, and 3486; Am. & Eng. Ency. of Law, vol. 25, p. 186; same, 196; same, vol. 5, (1 ed.) p. 96.

Opinion of the court by JUDGE HOBSON—Affirming on Original Appeal and Reversing on Cross-Appeal.

Appellant, the city of Somerset, filed this suit to recover of appellee, the Somerset Banking Company, municipal taxes alleged to be due from it for the years 1895, 1896, 1897, 1898, and 1899. The action was dismissed without prejudice as to the years 1895 and 1896. On final hearing the court below gave judgment in favor of the city for the taxes for the year 1897 and the year 1899, but dismissed the action as to the taxes for the year 1898. From this judgment the city has appealed, and the banking company has prosecuted a cross appeal.

The ruling of the court that no recovery could be had for the taxes for the year 1898 appears to be based on the ground that the levy for that year was not made by a legal quorum of the city council. The facts in this matter are these: At the November election, 1897, a mayor and six councilmen were elected. All of them qualified and entered upon the discharge of their duties as required by law, but after January 14, 1898, three members of the council absented themselves from all of its meetings. This continued until June 13, 1898, when the mayor and the other three members of the council, who had continued to meet,

in regular session adopted a resolution declaring the seat of T. J. Curtis, one of the three absentees referred to, vacant on account of his willful failure and refusal to attend the meetings of the board for four months previous thereto. They thereupon elected M. T. Crawford to fill the vacancy, and at the next meeting Mr. Crawford presented his certificate, and was regularly qualified as a member of the board. At the next meeting, on July 11th, the seats of the other two absentees were declared vacant and filled in like manner. By the council, as thus composed, on August 22d, the levy in question was made.

It was held by this court in city of Somerset v. Smi__ (Ky.), (49 S. W., 456), that the mayor and three councilmen do not constitute a quorum, and that a contract entered into by the council thus constituted is invalid; and, as only the mayor and three councilmen were present when Curtis' seat was declared vacant, it is insisted for appellee that the action of the council was void for want of a quorum, and that Crawford and the other two similarly appointed subsequently were merely intruders, and that the levy, not having been made at a legal quorum of the council, is not enforceable.

On the other hand, it is insisted that Crawford was at least a *de facto* officer, and that the action of the council in filling the other two vacancies, in which he co-operated, was not void for want of a quorum. It is clear that, if Crawford was not a *de facto* officer, his presence at the election of the other two would not help matters, and their presence and his when the tax was levied would be equally unavailing. The material question in the case is, therefore, was Crawford a *de facto* officer, he having regularly qualified, and having been recognized by the other members of the council as councilman? It will be observed

that, the action of the council in removing the absentee, Curtis, being void, Curtis, who had qualified, and entered upon the discharge of his duties, continued to be both a *de facto* and a *de jure* officer, and that there was no vacancy for the council to fill. The substance of the case is that less than a quorum of the council undertook to put another in Curtis' seat. The recognition of Crawford by the three councilmen and the mayor who had appointed him, and their acquiescence in his acting as councilman, conferred on him no right, for they could not, by their conduct, do indirectly what they could not do directly.

In Mechem, Pub. Off., section 322, it is said: "It is evient that two different persons can not at the same time be in the actual occupation and exercise of an office for which one incumbent only is provided by law. There can not, therefore, be an officer *de jure* and another officer *de facto* in possession of the same office at the same time. Hence, if the officer *de jure* is in, there is no room for an officer *de facto:* and, if the officer *de facto* is in, the officer *de jure* can not be in also." In State v. Blossom, 19 Nev., 312; 10 Pac., 430, while there were regular school trustees, others acted, and sought to sustain their action on the ground that they were *de facto* officers. The court said: "Two physical bodies can not occupy the same space at the same time, and two persons can not be officers *de facto* for the same office at the same time." This question was fully considered *in re* Gunn, 50 Kan., 155; (32 Pac., 470, 548); (19 L. R. A., 519), where the supreme court of Kansas, by Horton, C. J., collecting many authorities, announced the same rule. It seems to us a sound one, and under it Crawford was a mere intruder into the office, and had no more right to discharge the duties of councilman than any bystander who might be present and take Curtis' seat at a

meeting of the council when he was not present. If Curtis had come to the meeting of the council on July 11th, or at the subsequent meeting when the levy in question was made, it is clear that he would have been entitled to his seat, and that Crawford would not have been justified in withholding it from him. We know of no principle of law upon which one may become a *de facto* member of the city council in the absence of the regular councilman. Our conclusion is, therefore, that the court below did not err in holding the levy for 1898 void. Section 3486 of the Kentucky Statutes, which contains the only power of the board in this matter that we have found, provides as follows: "In case of a vacancy in the board by death, resignation, or any other cause, such vacancy shall be filled as hereinafter provided. The board shall meet at such times and places as shall be provided by ordinance. It shall judge of the eligibility and election returns of its members, adopt rules for its proceedings and government and enforce the same by appropriate fines, not exceeding ten dollars for each offense; and three-fourths of the members voting affirmatively may for any good cause expel any member." As we have said, there was no vacancy to be filled. Three-fourths of the members were not present, and did not vote to expel Curtis. The officers elected by the people when they have qualified and entered upon a discharge of their duties can only be removed pursuant to legal authority. It follows, therefore, that the court below did not err in dismissing the action as to the taxes for the year 1898, and the judgment appealed from on the original appeal is affirmed.

The cross appeal raises the question whether the tax levies made by the council for the years 1897 and 1899 are sufficient in form to be enforced. Section 3490, Kentucky

Statutes, confers upon the council, among other things, power as follows: "To levy and collect for municipal purposes an annual *ad valorem* tax not exceeding seventy-five cents on every hundred dollars of all property made taxable by law for State purposes; in addition not exceeding fifty cents on the hundred dollars worth of property taxable for State purposes, for the maintenance of public schools, or the erection of buildings for public school purposes; and not exceeding fifty cents to meet the principal and interest of any bonded debt hereinafter authorized." "To levy and collect annually upon every male resident of the city twenty-one years of age or over a head or personal tax of not exceeding one dollar and fifty cents per capita." Section 180 of the Constitution is in these words: "The General Assembly may authorize the counties, cities or towns to levy a poll tax not exceeding one dollar and fifty cents per head. Every act enacted by the General Assembly and every ordinance and resolution passed by any county, city, town or municipal board or local legislative body levying a tax, shall specify distinctly the purpose for which said tax is levied and no tax levied and collected for one purpose shall ever be devoted to another purpose." The order of the council levying the tax for 1897 is this: "E. M. Rousseau made a motion to fix the tax levy at seventy-five cents on each one hundred dollars, and one dollar poll. The motion was seconded by R. Kolker, and carried on a call of yea and nay." The order levying the tax for the year 1899 is as follows: "Mr. E. M. Porch made a motion to fix the tax levy for the year 1899 seventy-five cents on each one hundred dollars, and one dollar poll. Motion was seconded by J. B. Thornton, and carried on a call of yea and nay." It is clear that neither of these orders specifies distinctly the purpose for which the tax

was levied, as required by the Constitution. While this court has followed the rule of holding municipalities to no great minutia in specifying the purposes of the levy (Cahill v. Perrine, 49 S. W., 344; Pulaski Co. v. Watson, 50 S. W., 861), we are unable to know for which of the purposes named in the statute those levies were made, or whether they were designed to cover them all; and we think they are clearly in violation of the constitutional requirement above quoted, which is mandatory, and must be obeyed. We are, therefore, of opinion that the levies in question are void; but it does not follow that the city is without remedy. If the council has, by inadvertence or neglect, failed to perform a duty imposed upon it by law at the proper time, it may yet perform it. The city government has been established for the reason that it was deemed necessary for the peace and good order of the community, and a mere mistake of the council will not be allowed to destroy the government or cripple its efficiency. Where the council has failed to make a proper levy it may subsequently do so. This was determined in Levi v. City of Louisville, 97 Ky., 394; (30 S. W., 973); (28 L. R. A., 480), and the conclusion announced in that case is supported by the great weight of authority.

The only other question necessary to consider relates to a set-off pleaded by the appellee, consisting of a judgment in its favor against the city. Section 96 of the Code of Practice thus defines a set-off: "A set-off is a cause of action arising upon a contract, judgment or award in favor of a defendant against a plaintiff or against him and another; and it can not be pleaded except in an action upon a contract, judgment or award." If under section 3546, Kentucky Statutes, this may be regarded an action upon a contract, we are still of opinion that the set-off

City of Somerset v. Somerset Banking Co.

relied upon can not be maintained. It has been held that a set-off can not be maintained against the State. Mason v. Commonwealth (Ky.), (36 S. W., 570); Kentucky Chair Co. v. Commonwealth (Ky.), (49 S. W., 197). The same rule should apply to set-offs against taxes due to municipalities. The law requires the municipal government to be carried on, and, if the municipality may be deprived of its revenue in this way, the efficiency of the government may be destroyed. The Constitution, as we have seen, forbids taxes levied for one purpose from being appropriated to another, and, if such set-offs were allowed, hopeless confusion might ensue. The proper remedy for the collection of such judgments is by mandamus against the city authorities. By section 3546, Kentucky Statutes, the city is authorized to proceed by action for the collection of unpaid taxes. On the cross appeal the judgment is reversed, and cause remanded for further proceedings consistent with this opinion. Whole court sitting.