## Board of Drainage Commissioners of McCracken County v. Graves County.

(Decided May 22, 1925.)

### Appeal from Graves Circuit Court.

1. Taxation—Payment of Taxes Cannot be Defeated by Debt Due Taxpayer.—Ordinarily, in action to enforce payment of taxes levied by state or any political subdivision thereof for any lawful purpose, taxpayer cannot set up as a defense a debt due him from taxing power.

2. Taxation—Beneficial Assessments Levied Against Specific Property are Not "Taxes."—Though beneficial assessments levied against specific property are imposed by an exercise of sovereign power and are in a sense a tax, they nevertheless are not "taxes," within meaning of constitutional and statutory limitations on power to tax.

3. Taxation—Taxpayer May Not Defeat Collection of Tax or Assessment if Governmental Purpose will be Defeated.—Taxpayer may not defeat collection of either a tax or assessment by counterclaim or offset, if by so doing particular governmental purpose to be served thereby may be defeated, delayed, or even hindered.

4. Drains—County Held Authorized to Counterclaim Against Special drainage Assessment for Bridges Constructed, where Drainage Ditches Crossed Public Highways.—In suit by drainage district to recover special beneficial assessments against a county, county held authorized to counterclaim for bridges constructed, where

district's drainage ditches crossed public roads, in view of Kentucky Statutes, section 2380b-22, where such assessments were levied to enable drainage district to defray all expenses incidental to its creation and establishment, and cost of such bridges was an incident thereto, and payment of same out of levy could not defeat, hinder, or delay governmental purpose to be served thereby.

5. Drains—Statute Requires Board of Drainage Commissioners to Construct Necessary Bridges where Drainage Ditch Crosses a Public Highway.—Kentucky Statutes, section 2380b-35, requiring drainage commissioners to make all necessary bridges and culverts across any public highway, requires drainage commissioners to construct all necessary culverts and bridges where a drainage ditch crosses a public highway, except where physical conditions described in section 2380b-36 exist.

6. Drains—Drainage District Held Properly Chargeable with Cost of Bridges where Ditches Crossed a Public Highway.—Drainage district held properly chargeable with cost of bridges where drainage ditches crossed a public highway, as provided in Kentucky Statutes, section 2380b-35, where bridges were no larger or in any way more costly than was necessary to meet actual needs of traveling public, and contracts for construction thereof were let in manner required by law.

WHEELER & HUGHES for appellant.

HOLIFIELD, GARDNER & McDONALD and HUSTON BROOKS for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant instituted this action to recover of Graves county $7,863.77, alleged to have been levied against the county as special beneficial assessments in the proceedings whereby Mayfield drainage district No. 1 was created, organized, and placed under appellant's control.

The county by its answer and counterclaim admitted the validity of appellant's claim, and asserted a claim against it for $2,284.91, for three bridges constructed by the county at points where the district's drainage ditches crossed public roads in Graves county.

Appellant's demurrer to the counterclaim having been overruled, issues were joined thereon and a trial had, resulting in a judgment for plaintiff for the difference between its claim and the county's counterclaim. Upon this appeal from that judgment, the chief question for decision is whether the court erred in overruling the demurrer to the counterclaim.

For appellant it is contended this was error: (1) Because the drainage assessments are taxes which cannot be defeated in whole or part by counterclaim or setoff, and (2) because, by the drainage law of 1918, the county, rather than the drainage district, was required to build all three of the bridges.

Ordinarily in an action to enforce the payment of taxes, levied by the state or any political subdivision thereof for any of its lawful purposes, the defendant cannot set up as a defense a debt due him from the taxing power. Newport & Cincinnati Bridge Co. v. Douglas, 12 Bush 715; Anderson v. Mayfield, 93 Ky. 230; City of Somerset v. Somerset Banking Co., 109 Ky. 549, 50 S. W. 5; Newman's Pleading and Practice, vol. 2, section 839; Cooley on Taxation, page 13.

It also is true that although beneficial assessments levied against specific property are imposed by an exercise of the sovereign power and are in a sense a tax, they nevertheless are not taxes within the meaning of the constitutional and statutory limitations upon the power to tax. Williams v. Wedding, 165 Ky. 361, 176 S. W. 1176. Hence while taxes and assessments are not the same and are easily distinguished, they are but different forms of the exercise of the sovereign power, and ordinarily it would seem to be equally against public policy, and for the very same reasons, to permit the subject, liable to the sovereign for the payment of either, to offset a claim due him, since in either event the exercise of an essential governmental function might thereby be hampered, delayed, or even defeated.

We, therefore, believe the same general rule that applies to taxes with reference to offsetting claims against same would also ordinarily apply to special assessments sued upon by the state or a municipality, although it does not apply to assessments in a suit by a contractor, because in such action the reaon for the rule does not exist. Barfield, etc. v. Gleason, 111 Ky. 491, 63 S. W. 964.

But even against ad valorem taxes, the rule is not absolute in this state, as will appear from the fact that in L. & N. R. Co. v. Commonwealth, 17 Ky. L. R. 136, 30 S. W. 624, it was held that the railroad company could offset against the claim asserted against it for taxes due the city of Lebanon any excess of like taxes it had theretofore paid by mistake. While the reason for the exception thus allowed to the general rule is not stated in that

opinion, it obviouly is simply this: That the reason upon which the rule is based was not there present. All general rules, judicially adopted, are of necessity thus limited, otherwise they would often defeat their purpose.

The reason for the rule is, that to permit a set-off or counterclaim to be pleaded against a claim of the state or political division thereof for taxes might hinder, delay, or even prevent the exercise of its sovereign power.

Hence, the extreme limit of the rule under consideration is, that the taxpayer may not defeat the collection of either a tax or assessment by counterclaim or set-off, if, by so doing, the particular governmental purpose to be served thereby may be defeated, delayed, or even hindered.

The rule thus stated, and as it is observed in this state, has no application to the facts of this case, since the special assessment here involved is required by the act authorizing its imposition to include ten per cent in excess of the anticipated cost of carrying out the plan of reclamation "for the purpose of defraying the future expenses of the district, including salaries, etc. . . . and any other necessary expenses which cannot be foreseen, and any other emergencies which may arise, which aggregate sum shall be called the minimum district assessment." Kentucky Statutes, 2380b-22.

As these assessments were levied to enable the drainage district to defray all expenses incidental to its creation and establishment, and the cost of these three bridges is an incident thereto, the payment of same out of the levy cannot defeat, hinder, or delay the governmental purpose to be served thereby by diversion of the funds to another purpose, or otherwise.

There is then no reason whatever for applying the general rule above referred to, but upon the other hand. express statutory authority for paying appellee's claim, if a just one, out of the funds derived from the collection of appellant's claim against appellee, and its like claims against others for such assessments.

Nor is there any merit in appellant's second contention that the drainage law of 1918, by which appellant has elected to be governed, places the cost of constructing these bridges upon the county rather than the drainage district.

Section 35 of the act (Kentucky Statutes, 2380b-35) empowers and requires the board of drainage commissioners "to make all necessary bridges and culverts along

or across any public highway or railroad which may be deemed necessary for the use or the protection of the work of reclamation in said district, except as herein provided.''

It is appellant's contention that this provision limits its power and duty to construct culverts and bridges along or across public highways to such as are necessary to protect the work of reclamation. Clearly, however, this is not true, since it is required to build culverts and bridges along and across public highways where same are necessary, not only for the protection of the work of reclamation, but for its use as well, and as a drainage ditch can neither be constructed nor used across a public highway without destroying the latter unless a bridge or culvert is constructed to carry the road over the ditch, it is, we think, quite clear that the legislature intended that the board of drainage commissioners should construct all necessary culverts and bridges along or across any public highway except as otherwise expressly provided in the act.

Railroad companies, and other corporations carrying on their business under a franchise, are, by express provision of the same section, required to enlarge, at their own expense, existing culverts and bridges on their rights of way at points where same are crossed by drainage ditches, and upon their failure so to do after notice, the board of drainage commissioners may have such work done and recover the cost thereof from such corporations.

While this section of the act (35) makes no provision for the construction by a county of any culvert or bridge where a drainage ditch crosses a public highway, it does provide that if any railroad company, county, or other corporation fails to construct any bridge or culvert required of it, the board of drainage commissioners may construct same and recover the cost thereof from the railroad company, county, or other corporations.

We have to look, however, to the next section of the act to ascertain when it is the county's duty to construct such bridges and culverts. It is there provided that the county shall construct same where the drainage ditch crosses any public highway:

"On the line of any natural depression or water course which crosses any public highway or road where there is no bridge or culvert or opening in

such road or highway of sufficient capacity to allow the flow of the water in such canal, ditch, or water course, as straightened, widened, enlarged or deepened.''

It is, therefore, clear that in all cases where a drainage ditch crosses a public highway, it is the duty of the board of drainage commissioners, under section 35 of the act, to construct necessary culverts and crossings, except where the physical conditions described in section 36 of the act exist. It follows, then, that the drainage board, and not the county, is liable for the cost of the three bridges here involved, if, as alleged in the counterclaim, the described physical conditions do not exist at any of the points where these bridges had to be constructed.

Hence, the trial court did not err in overruling the demurrer to the counterclaim.

A jury was waived, and the issues of fact were tried by the court by agreement of the parties. Upon the disputed question of fact as to whether or not the physical conditions were such where appellant's drainage ditch crosses the highways in question as to cast the cost of construction of the three bridges involved upon the county, the evidence was contradictory, and counsel for appellant admit it was sufficient to sustain the court's finding of fact for the county upon that question.

They complain, however, most vigorously that the bridges built by the county at these three crossings were much more elaborate and expensive than was necessary, and that the court erred in charging appellant with the whole cost of same.

But the court found as facts and the evidence amply sustains that finding, as follows: That the plans and specifications for each of said bridges were prepared so as to be adequate to meet the needs of the traveling public; that the contract for the construction of same was let, after due advertisement as required by law, to the lowest and best bidder and constructed of suitable material, in a workmanlike manner, and of a size that was adequate to meet the needs of the traveling public at each of the said points in the public roads, where the ditch intersected same; that the cost of construction of each of said bridges was reasonable, and that none of same was larger or built of better material, or in a way or manner more costly, than was necessary to meet the actual needs of the traveling public.

We are, therefore, of the opinion that there is no merit in this, the last contention for the appellant that we deem necessary to consider.

Appellee contends that the court erred in allowing interest on appellant's claim against it, but that question is not here, since there is no cross-appeal.

Judgment affirmed.