**Virgil LILE, Lovienell Lile et al, Appellants,**

**v.**

**CITY OF POWDERLY, a Sixth Class City; James Richardson, Chairman of the Board of Trustees, Bobby G. Webb, Ronald G. Harper, Ronnie D. Griggs, Jerry L. McElvain, Members of the Board of Trustees of the City of Powderly, Donald C. Hancock, purported member of the Board of Trustees of Powderly, Kentucky, and Linda S. Creagor, City Clerk of Powderly, Kentucky, Appellees.**

Court of Appeals of Kentucky.

Jan. 23, 1981.

Rehearing Denied March 13, 1981.

Ralph D. Vick, Donan & Vick, Greenville, for appellants.

Brent Yonts, Greenville, for appellees.

Before COOPER, HOWERTON and McDONALD, JJ.

COOPER, Judge.

This is an appeal from a judgment allowing the City of Powderly, a sixth class city,

to enact an ordinance annexing the territory of the appellants into the said City. The issues presented herein are: (1) whether the appellants have standing to challenge the validity of ordinance No. 78–01, enacted November 6, 1978; (2) whether ordinance No. 78–01 is invalid by reason of having been improperly enacted by an improperly constituted board of trustees; (3) whether application of KRS Chapter 81 to the facts in this case establishes that the trial court's judgment permitting the City of Powderly to enact an ordinance annexing appellant's territory was clearly erroneous; and (4) whether the trial court committed reversible error when it took judicial notice when a failure by Powderly to annex will likely preclude them from receipt of future state and federal grants, including revenue sharing. We reverse.

The main issue in this case, and the only one to be discussed, concerns the passing of the annexation ordinance by an improperly constituted board of trustees. In November of 1977, an election for all five (5) trustees for the City of Powderly was held with James Richardson, Bobby G. Webb, Ronald Harper, Ronnie D. Griggs, and Jerry McElvain being elected for two (2) year terms beginning January 1, 1978, and expiring December 31, 1979. At the January 9, 1978 meeting of the trustees, James Richardson was elected chairman. On May 1, 1978, at the regular meeting of the trustees, three members were present: James Richardson, Ronnie Griggs and Jerry McElvain. At this meeting, James Richardson orally stated to the other two trustees that he was resigning, effective the following day. No written resignation of James Richardson was tendered to or accepted by either the Muhlenberg Fiscal Court or the Muhlenberg County Judge/Executive prior to the enactment of ordinance No. 78–01, or the filing of the appellants' petition. A special called meeting of the trustees was held on May 15, 1978, with four trustees being present and James Richardson being absent. At this called meeting, Donald Hancock was "elected" by the trustees to the board.

On November 6, 1978, at the regular scheduled meeting of the trustees, those present were: Ronnie Griggs, Ronald Harper, and Donald Hancock. Ordinance No. 78–01, proposing to annex appellants' territory into the City of Powderly, was enacted at this meeting. The petition to prevent annexation was filed on December 12, 1978, by more than 75-percent of the resident freeholders of the territory sought to be annexed. At no time prior to either the enactment and publication of this ordinance, or the filing of appellants' petition, did Chairman James Richardson tender his resignation to the Muhlenberg County Fiscal Court or the Muhlenberg County Judge/Executive.

■ It is the contention of the appellants that the verbal resignation of Chairman James Richardson to the remaining two trustees was legally void. We agree. KRS 63.010 governs the manner and form for resignation from office. This statute states as follows:

All resignations of office shall be tendered in writing to the court or officer required to fill the vacancy, and received and recorded by the court or officer in its or his records. Resignations to the governor shall be recorded in the executive journal.

KRS 88.230 relates to vacancies in an office of a city of the sixth class and provides as follows:

... If a vacancy occurs in the board of trustees, or in the entire board, the county judge/executive shall fill the vacancy by appointment for the time fixed in Section 152 of the Constitution. . . .

Prior to June 17, 1978, KRS 88.230 required that any vacancy occurring in the board of trustees shall be filled by the county court. The oral statement by James Richardson that he was resigning had no legal effect by reason of the requirements that any resignation from public office must be in writing and accepted. Oral attempts to resign are legally ineffective. *See Taylor v. Johnson*, 148 Ky. 649, 147 S.W. 375 (1912).

On November 6, 1978, the date of enactment of the ordinance, only two duly elected trustees were present, Mr. Griggs and

Mr. Harper. The minutes will reflect that Mr. Hancock also attended this meeting. KRS 88.040(3) states as follows:

At any meeting of the board of trustees a majority of the members shall constitute a quorum . . .

It would appear that a quorum was not present, and no official business could be conducted. The presence of at least three members of the board of trustees was statutorily required before the transaction of any business on behalf of the City of Powderly could be taken.

█ The trial court found that Mr. Hancock was improperly appointed to the board by the trustees. However, the trial court concluded that Mr. Hancock achieved the status of a de facto trustee by his appointment by the trustees and the ordinance was duly enacted on November 6, 1978. The appellants contend that Mr. Hancock was not and could not attain the status of a de facto trustee, as there was no vacancy in that office. They contend that Mr. Richardson was a recognized member of the board until he had properly submitted his written resignation to the Muhlenberg County Judge/Executive. They further contend that an essential element which must be present prior to a public officer being a de facto officer is that there must be a de jure office available for occupancy. See Hildreth's Heirs v. McIntire's Devisee, 1 J.J.Marsh. 206, 24 Ky. 206 (1829), wherein the Court stated:

There might be under our Constitution, and there have been, de facto officers. But there never was and there never can be under the present Constitution a de facto office.

We follow the majority view that the existence of a de jure office is a necessary condition of a de facto officer. In the City of Somerset v. Somerset Banking Co., 109 Ky. 549 p. 553, 60 S.W. 5 (1900), the Court adopted the following principle:

It is evident that two different persons cannot at the same time be in the actual occupation and exercise of an office for which one incumbent only is provided by law. There cannot, therefore, be an offi-

cer de jure and another officer de facto in possession of the same office at the same time. Hence, if the officer de jure is in, there is no room for an officer de facto. Id. 60 S.W. at p. 6.

█ In Lowe v. City of Bowling Green, Ky., 247 S.W.2d 386 (1952), the appellants appealed from a judgment dismissing their attack upon a city ordinance authorizing the issuance and sale of bonds. These appellants were residents of Bowling Green or newly annexed territory. The Court reversed the judgment of the trial court and held the ordinance invalid by reason that the enacting body, the board of aldermen, was improperly constituted. The Board of Trustees of Powderly is comprised of this statutorily prescribed maximum of five (5) members. It appears to this Court that at the time the board attempted to pass the annexation ordinance, it had five legal members on the board, and there was not a sixth office which Mr. Hancock could occupy. An essential element which must be present prior to a public officer being a de facto officer is that there must be a de jure office available for occupancy. It further appears from the record that on November 6, 1978, when the annexation ordinance was passed, only two duly elected and acting trustees were present which was less than a quorum, thereby rendering the said ordinance invalid or void.

The judgment is reversed with directions for the trial court to enter judgment consistent with this opinion.

All concur.