## City of Ravenna v. Boyer Fire Apparatus Company.

(Decided February 22, 1927.)

### Appeal from Estill Circuit Court.

1. **Municipal Corporations—Statute Providing Procedure for Appropriation Exceeding $50.00 by City of Sixth Class Held Repealed as to Obligations for Fire Apparatus (Ky. Stats., Section 3699; Acts 1922, c. 136).**—Ky. Stats., section 3699, requiring yeas and nays of four members of board of trustees of city of sixth class

to bind city for appropriation exceeding $50,00, held repealed so far as obligation for fire apparatus is concerned by (Acts 1922, c. 136, authorizing board to incur such indebtedness by majority vote.

2. Statutes—Any Provision of Statute Relating to Subject Expressed in Title, Having Connection Therewith, and Not Foreign Thereto, is Expressed in Title (Constitution, Section 51).—No provision of statute or act, directly or indirectly relating to subject expressed in title, having natural connection therewith, and not foreign to it, should be deemed within inhibition of Constitution, section 51, requiring laws to relate to but one subject, which shall be expressed in title.

3. Statutes—Provision of Statute Authorizing Purchase of Fire Apparatus by City of Sixth Class Held Within Title "An Act Relating to Cities of the Sixth Class" (Acts 1922, c. 136; Constitution, art. 51).—Provision of Acts 1922, c. 136, authorizing board of trustees of city of sixth class to incur indebtedness for fire apparatus by majority vote, held within title "An act relating to cities of the sixth class," and not invalid as violating Constitution, art. 51, requiring laws to relate to but one subject which shall be expressed in title.

4. Municipal Corporations—City Must Pay Warrants Issued for Fire Truck, Pursuant to Motion Carried by Majority at Meeting of Board of Trustees (Constitution, Sections 157, 158).—City held required, as matter of law, to pay warrants issued to pay for fire truck, pursuant to motion carried by majority at meeting of board of trustees, at which four members were present, where indebtedness did not exceed annual revenue or limits fixed by Constitution, sections 157, 158.

RIDDELL & SHUMATE for appellant.

BURNAM & GREENLEAF for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

At a regular meeting of the board of trustees of the town of Ravenna, Kentucky, a municipality of the sixth class, at which four of its members were present, held October 2, 1922, the following was entered on its official record book:

"Motion by Powell, seconded by Caywood, to adopt resolution to purchase fire truck and authorize chairman to sign contract. Motion carried. Motion by Powell, seconded by Hunt, that warrant be drawn on city treasurer to pay the Obenchain-Boyer Company, Logansport, Indiana, $650.00, one-fourth price of fire truck. Motion carried."

Other business was transacted by the board at that meeting, record of which was entered in the order book, and the minutes appear to have been duly signed by the chairman of the board and attested by the city clerk after having been approved. Shortly after this meeting of the board the Obenchain-Boyer Company, of Logansport, Indiana, delivered to the town of Ravenna the fire truck referred to in the orders above, and there was issued and delivered to it in payment four warrants for $650.00 each, one due immediately and the others due in one, two and three years respectively. These warrants directed the treasurer of the municipality to pay the sum indicated on the dates indicated to the Obenchain-Boyer Company, and were signed by the city clerk and countersigned by the chairman of the board of trustees. The warrant that was due immediately was presented to the treasurer and paid. None of the other three warrants were paid when due, and this action was instituted by appellant, Boyer Fire Apparatus Company, formerly the Obenchain-Boyer Company, to recover the amount due on them. The municipality defended upon the theory that the above quoted record made by the board of trustees of the city on its record book was not sufficient to bind it in view of the provisions of sections 3699 and 3700, Kentucky Statutes. A jury was impanelled and sworn, and at the conclusion of the evidence offered by both parties, the trial court peremptorily instructed the jury to find for appellee the full amount of the three warrants sued on, and on the verdict returned in conformity therewith the judgment appealed from was entered.

By section 3699, Kentucky Statutes, relating to municipalities of the sixth class, it is provided:

"No orders incurring a liability or requiring an appropriation of exceeding $50.00 for any one object or purpose shall be valid unless the same be voted for and the yeas and nays be so entered upon the journal by four members of the board."

In view of the provisions of that section of our statutes it has been held that any attempt upon the part of a municipality of the sixth class to incur a liability in excess of $50.00, whether by ordinance or resolution, is invalid unless four members of the board vote for same and the yeas and nays on the vote taken be entered upon the journal. See Fiscal Court of Breckinridge County v.

Board of Trustees of the Town of Hardinsburg, 118 S. W. 298. Under the statute, *supra*, in view of the only record evidence of its efforts to obligate itself to pay for the fire truck, quoted above, there would seem to be no alternative but to hold that the entries upon the record book of the board of trustees at its October meeting, 1922, were ineffectual to bind it to pay for the fire truck in question, if the requirements of that section of our statutes are still effective.

The General Assembly of 1922 enacted what now is carried in Baldwin's Kentucky Statute Service, supplementing Carroll's Kentucky Statutes, as section 3704a-1-2-3. It was chapter 136 of the Acts of 1922. By the first subsection of that act it is provided: "That all cities of the sixth class shall have the right to incur indebtedness not to exceed $4,500.00 for fire apparatus;" and by the second subsection it is provided: "The board of trustees of said sixth class cities by a majority vote shall have the power to incur said indebtedness." The concluding subsection of the act provides: "All acts or parts of acts in conflict herewith are hereby repealed." If this act may be held to be valid it readily becomes apparent that the provision of section 3699, requiring that any ordinance incurring a liability or requiring an appropriation exceeding $50.00 for any one object or purpose, must be voted for by four members of the board, in so far as that section may be sought to be invoked where the liability was incurred or appropriation made in purchasing fire apparatus has been superseded by the latter act, which expressly authorizes an indebtedness not to exceed $4,500.00, to be incurred by a majority vote of the board of trustees of sixth class towns. Boards of trustees of that class towns are composed of only five members. Consequently, three members of the board would be a majority and are authorized to incur an indebtedness for the purpose specified. The provisions requiring four members of the board to vote affirmatively on any ordinance or resolution creating a liability or appropriating money in excess of $50.00, and that the yeas and nays be entered upon the journal, are closely interwoven with each other as they appear in section 3699, *supra*, and they relate to all obligations of the municipality and appropriations of its funds. By the act of 1922 the legislature clearly indicated that obligations and appropriations for fire apparatus were intended to be

excepted from that general class. It is apparent that by the act of 1922 the legislature intended to write the "whole law" relative to how an obligation or appropriation for fire apparatus might be contracted or made by the board of trustees of cities of the sixth class. Therefore, the court has concluded that so far as obligations and appropriations for this specific purpose are concerned the requirement of section 3699, both that four members of the board must vote for same and that the yeas and nays be entered upon the journal, was intended to be and was repealed by the act in question.

It is insisted for appellant, however, that the act of 1922 is invalid because it contravenes that portion of the provisions of section 51 of our Constitution which reads: "No law enacted by the general assembly shall relate to more than one subject and that shall be expressed in the title." The title of the act in question reads: "An act relating to cities of the sixth class." This constitutional provision has been the subject of many opinions written by this court. The chief difficulty we have encountered in upholding acts of the legislature has been in cases where the title of the act was found to be too limited in its scope to permit the upholding of the legislation which had gone beyond the scope of the title. It will be observed that the title of the act here in question is exceedingly broad and comprehensive.

As said in South v. Fish, 181 Ky. 349, 205 S. W. 329:

"There has been a general disposition to construe the constitutional provision liberally, rather than to embarrass legislation by a construction whose strictness is unnecessary to the accomplishment of the beneficial purposes for which it has been adopted. Cooley's Con. Lim., 7th ed., p. 209. It is well known that the principal object of section 51 of the Constitution is that neither the members of the legislature nor the people should be misled by the title. But the generality of a title is no objection to it, so long as it is not made a cover to legislation incongruous in itself, and which, by no fair intendment, can be considered as having a necessary or proper connection. Consequently, no provision in a statute having a natural connection with the subject expressed in the title and not foreign to it, is to be deemed within the constitutional inhibition. Cooley's Con. Lim.,

7th ed., p. 206; Johnson v. Higgins, 3 Met. 566; Mc-Reynolds v. Smallhouse, 8 Bush 477.''

There is to be deduced from many opinions of this court the general, broad, liberal rule that no provision of a statute or act directly or indirectly relating to the subject expressed in the title, having a natural connection therewith and not foreign to the same, should be deemed within the inhibition of section 51 of the Constitution. That doctrine was first announced in the early but outstanding case of Phillips v. Cincinnati & Covington Bridge Company, 2 Met. 59 Ky., p. 219. See also Eastern Kentucky Coal Lands Corporation v. Commonwealth, 127 Ky. 667; Commonwealth v. Starr, 160 Ky. 260; Burton v. Monticello & Burnside Turnpike Company, 162 Ky. 787; Hyser v. Commnowealth, 116 Ky. 410; Collins v. Henderson, 11 Bush 74; Hoke v. Commonwealth, 79 Ky. 567; Commonwealth v. Bailey, 81 Ky. 395; Burnside v. Lincoln County Court, 86 Ky. 423; Conley v. Commonwealth, 98 Ky. 125; and other cases that may be found cited in the opinions referred to.

It certainly can not be said that when under title: ''An act relating to cities of the sixth class,'' the legislature provided how that cities of that class might purchase fire apparatus they were legislating about a subject that neither directly nor indirectly related to the subject expressed in the title or that had no natural connection therewith or that was foreign to the same. If under that title the legislature had attempted to legislate upon any question relating to municipalities of any other class or to any subject other than municipalities of the sixth class the legislation clearly would have been in contravention of the provisions of section 51 of our Constitution as not being expressed in the title of the act. But such was not the case. Under the title: ''An act relating to cities of the sixth class,'' the legislature confined the act in question to municipalities of that class and provided how that they might incur an obligation in purchasing fire apparatus. The act directly related to the subject expressed in the title and had a natural connection therewith and was not foreign to the subject expressed in the title. The court has concluded that the act in question does not violate the provisions of section 51 of our Constitution above quoted, which requires that an act shall relate to but one subject and that that be expressed in the title.

No question is raised that the indebtedness incurred exceeded the annual revenue of the city or increased its indebtedness beyond the limits fixed by sections 157 and 158 of our Constitution. Having reached these conclusions it follows that the action of the board of trustees of appellant municipality, evidenced by the record of its proceedings copied herein above, followed by the acceptance of the fire truck delivered by appellee to it, and by the payment of a one-fourth of the purchase price in cash, and by the execution and delivery to appellee of the three warrants for the deferred payments on the purchase price thereof, were sufficient to create an obligation upon its part to pay the balance due appellee for the fire truck evidenced by the three warrants sued on herein, and that the trial court properly, at the conclusion of the evidence, peremptorily instructed the jury to return a verdict in its favor.

The judgment, therefore, will be affirmed.

Whole court sitting.