## Parrott v. Commonwealth.

(Decided October 4, 1927.)

### Appeal from Rockcastle Circuit Court.

1. Homicide.—It is unnecessary to use the word "feloniously" in instructions authorizing jury to convict defendant in homicide case.
2. Homicide.—Homicide committed willfully and with malice aforethought is a felonious killing, punishable by death or confinement in penitentiary for life.
3. Homicide.—Willful slaying in sudden heat and passion, or in sudden affray, without previous malice, is felonious killing, denominated voluntary manslaughter, and punishable by confinement in penitentiary for not less than 2 nor more than 21 years.
4. Criminal Law.—That defendant struck deceased with stick or club and stated he did not intend to kill him thereby did not necessitate

use of word "feloniously" in instruction on voluntary manslaughter, where defendant was given full benefit of such facts by instructions requiring slaying to have been done willfully with deadly weapon and properly defining such weapon.

5.  Criminal Law.—Instructions on murder, voluntary manslaughter, and self-defense held not reversible error, though susceptible of construction that defendants' guilt of either murder or voluntary manslaughter depended on what both did, where court, in separate instruction, informed jury that both, neither, or either might be found guilty, that each might be found guilty of different degrees of homicide, or that jury might agree as to one and disagree as to other, and one of them was acquitted.

C. C. WILLIAMS and B. J. BETHURUM for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

Upon the trial of appellant, Willie Parrott, in the Rockcastle circuit court, under an indictment which charged him with murder, the evidence for the commonwealth tended to establish these facts: Geoffery Howard, who was killed, was 20 years of age, and was a cripple as a result of an attack of spinal meningitis when three years of age. Previous to the time he was killed he had testified against appellant in a prosecution to the effect that he had placed an obstruction on a railroad track. On the day of the trial and before that testimony was given appellant threatened to kill Howard if he should testify that he had placed the obstruction on the railroad. Two or three times subsequently appellant was heard to threaten Howard. On the day of the difficulty and about an hour before Howard was killed appellant stated to a witness, who passed him near where the killing occurred: "If you will wait a few minutes I think you will see a fight between me and Geof Howard." Shortly after this young Howard went to the well in the Calloway school yard, near his home, to get a bucket of water, and while pumping the water when his back was turned appellant stealthily approached and struck him on the head with a hoe handle, fracturing his skull, so that he died therefrom within a few minutes. Appellant then left, and to the first people he met thereafter he announced that he had killed Geof Howard. At the time this happened appellant was 14 years of age.

Appellant's version of the tragedy was to the effect that he went to the well for a drink and was attacked by and forced to strike Howard to save himself from death or great bodily harm at his hands; and in this he was supported by his younger brother, 10 years of age, who was jointly indicted with him. The defendants were not corroborated in their version of the homicide by the testimony of any other witness. The 10 year old defendant was acquitted by the jury, but appellant was found guilty of manslaughter and his punishment fixed at confinement in the penitentiary for 5 years.

The juvenile court transferred this cause to the circuit court, in accordance with section 331e-5, Kentucky Statutes; hence no question of jurisdiction is presented.

From the summary of the facts above it may well be assumed that the age of the defendant led the jury to return so lenient a verdict against him. It is insisted for appellant that the trial court erred in omitting the word "feloniously" from the instruction on voluntary manslaughter. Reference to Carson v. Commonwealth, 149 Ky. 294, 148 S. W. 30, and other cases there cited, will disclose that it is unnecessary in submitting the commonwealth's theory of the case to the jury to use the word "feloniously" in the instructions authorizing the jury to convict a defendant in a homicide case. If a homicide is committed by one willfully and with malice aforethought it is a felonious killing, punishable by death or confinement in the penitentiary for life. If one slay another willfully in sudden heat and passion, or in a sudden affray, and without previous malice, it is also a felonious killing, denominated voluntary manslaughter, and punishable by confinement in the penitentiary for not less than 2 nor more than 21 years. Hence it is not erroneous to omit that word from the instructions authorizing a conviction. The argument that the use of the word "feloniously" in the instructions herein was made necessary because appellant struck deceased with a stick or club and stated that he did not intend to kill him thereby is beside the point. Appellant was given the full benefit of these facts by the instructions, which required the slaying to have been done willfully and the jury to believe that the club used was a deadly weapon and which properly defined a deadly weapon.

It is insisted that the self-defense instruction denied to appellant the benefit of the law of self-defense unless

he and his brother, Otto Parrott, both believed that at the time he struck Geoffrey Howard he was in danger of loss of life or serious bodily harm at his hands. The instruction on murder and that on voluntary manslaughter and that on self-defense are somewhat confusing in that they appear to have coupled the two defendants, who were being jointly tried, and were susceptible of the construction that their guilt either of murder or voluntary manslaughter or innocence depended upon what they both did. They might more clearly have given the jury to understand that the guilt or innocence of each defendant must be determined from his own actions. However, in a separate instruction the court informed the jury that both defendants might be found guilty or both of them might be found not guilty; or that one of them might be found guilty and the other not guilty; or that one might be found guilty of one degree and another of another degree; or that the jury might agree as to one defendant and disagree as to the other. This instruction, together with the action of the jury in acquitting one of the defendants and convicting the other, leads this court to believe that the jury understood by the instructions given that the guilt or innocence of either of the defendants on trial depended altogether upon the part he took in the homicide, and that the jury fully understood by the instruction on self-defense that under the law it should acquit defendant if at the time he struck and killed Geoffrey Howard he did so under circumstances that excused the homicide as necessary in appellant's self-defense, which were properly set forth in the instruction, regardless of what his codefendant may then have been doing or saying or thinking.

The record affords evidence of no error committed by the trial court upon which this court may properly base a reversal of the judgment, and hence the judgment must and will be affirmed.

Judgment affirmed.