# Reed v. Commonwealth.

December 16, 1947.

J. S. Forester, Judge.

W. J. Stone for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

Reed was convicted of the offense of carrying concealed a deadly weapon, denounced by Ch. 40, Acts of 1946, amending KRS 435.230, and fixing punishment at confinement in the penitentiary for not less than two nor more than five years. His trial resulted in a verdict of guilty with visitation of the minimum penalty.

On appeal it is contended that (1) the act supra violates Sec. 51 of the Constitution, which provides that no act shall relate to more than one subject and that subject shall be expressed in the title. (2) The court gave oral rather than written instructions. Section 225, Criminal Code of Practice. (3) Instructions 1 and 2 were erroneous and prejudicial.

The facts are few and simple. A deputy sheriff testified that he was going into his gate on the highway, and noticed appellant with a companion approaching. They were overtaken by Jim Meyers, and Reed took hold of Meyers' hat and pulled it over his eyes, and said "step up or I will bust four or five caps under your feet." Some casual words followed and "Reed threw his coat back and I stepped out and saw the pistol, and demanded him under arrest, and taken the gun away from him," and that at the time it was in a holster under his coat. This witness was corroborated by two others who were with Reed.

Appellant testified that another deputy sheriff had

made several trips to his home begging his son to buy him a small pistol (a 25 automatic), which he said he had located in Middlesboro. The boy bought the pistol and placed it in a locker of his car, where appellant found it and told the boy he would take it to the deputy sheriff, as "you might get in trouble." He says he started with it, and as he was going to the camp the arresting deputy sheriff was "laying for me, and popped a 45 at me and said 'What have you got under your coat?' and demanded the pistol." He admits that he had the pistol concealed under his coat. Other testimony introduced by appellant corroborated his testimony as to how the pistol was procured.

Point No. 3 may be briefly treated. The record, both transcript and bill of evidence, contains the "instructions given by the court," and there is nothing showing that they were given orally save a statement in the brief of appellant. Neither the motion for new trial nor the bill of exceptions show objection or exception to the instructions on the ground that they were not given in writing. If in fact the instructions were given orally and taken down by reporter and furnished to the jury, there was no prejudicial error. Spence v. Commonwealth, 181 Ky. 206, 204 S. W. 80.

The act supra is titled "An Act relating to deadly weapons." It amended Sec. 435.230, KRS, by making the offense a felony rather than misdemeanor, eliminating the second conviction and disfranchisement provision, in cases where accused was convicted of carrying concealed a deadly weapon. Appellant contends that the title is too broad or all embracing, which is not a valid objection unless we find something in the act which does not relate to the subject "deadly weapons." We have in many cases laid down the rules of construction where an act was attacked on the ground of insufficiency or inapplicability of the title. These may be stated to be that the title should fairly describe the subject matter in such a way as to apprise the legislature and the public of the purpose and content so as to give opportunity to objectors to be heard in opposition to vicious legislation.

When the words used in the title are such as to restrict the scope of the subject matter, any provision

outside the designated limits are void though they might have been embraced in a broader title. Thompson v. Commonwealth, 159 Ky. 8, 166 S. W. 623; District Board Etc. v. Fayette Co., 188 Ky. 426, 222 S. W. 518. On the other hand the title may be broad and all embracing, provided the matters dealt with are germane to the subject expressed in the title. The title need not go into details if it is broad enough to cover the subject matter dealt with in the body. Exemplary cases in which we have held the subject matter covered by a broad title are, Booth v. City of Owensboro, 275 Ky. 491, 122 S. W. 2d 118; Burton v. Mayer, 274 Ky. 245, 118 S. W. 2d 547; City of Ravenna v. Boyer, 218 Ky. 429, 291 S. W. 782; Miller v. Commonwealth for use &c., 300 Ky. 215, 187 S. W. 2d 837. Applying these rules to the act in question, we are of the opinion that there is no violation of Sec. 51 of the Constitution.

It is next argued that instruction No. 1 was fatally defective in failing to use the word "felonious." The instruction did use the words "unlawfully, willfully and knowingly" in reference to the offense. We have frequently held that the failure to use the word in cases where felony was charged does not constitute reversible error. Parrott v. Commonwealth, 221 Ky. 202, 298 S. W. 675; Centers v. Commonwealth, 254 Ky. 733, 72 S. W. 2d 423, and cases cited under Sec. 842, Stanley's Instructions to Juries.

The final contention is that the court erred in giving instruction No. 2, the substance of which was that if the jury believed that the deputy who arrested appellant saw the pistol before he took it from his possession he had the right to arrest appellant without a search warrant, but if they believed he did not see it before he arrested him they "should find him not guilty." The only objection is that the instruction leaves to the jury a question of law, and "does not explain to the jury" when the officer should have seen the pistol. The officer testified that he saw the pistol when appellant pulled back his coat, before he made the arrest. Appellant's contention is that he did not see it, but merely asked, "What have you got under the coat?" and then demanded the pistol.

Regardless of whether or not the instruction was

proper, or in proper form of words, this was a question of fact; the giving of the instruction was not prejudicial, since appellant made no objection to the testimony relative to the alleged search, nor to the officers making the search, Hightower v. Commonwealth, 286 Ky. 564, 151 S. W. 2d 39; Davenport v. Commonwealth, 285 Ky. 628, 148 S. W. 2d 1054, and appellant admitted that he had the pistol concealed. The instruction was favorable to appellant. His entire defense seems to be that he was "framed" and his proof does so indicate, but this was a question for the jury, and it believed otherwise.

Finding no prejudicial error the judgment is affirmed.