CASE 46.—PROCEEDINGS BY THE COMMONWEALTH BY
THE AUDITOR'S AGENT AGAINST THE MORRELL
REFRIGERATOR CAR CO TO COLLECT A FRAN-
CHISE TAX.—March 17.

# Morrell Ref'g'r Car Co. v Commonwealth

Appeal from Carlisle Circuit Court.

JOHN K. HENDRICK, Special Judge.

From the judgment the Commonwealth appeals—
Reversed.

| 128 | 447 |
| f128 | 624 |
| 129 | 321 |

| 128 | 447 |
| 136 | 152 |

1. Taxation—Constitutional Requirements—Classification of Sub-
   jects—Uniformity.—While a state may classify the subjects
   of taxation within its territory upon a reasonable basis, and
   such classification cannot be objected to so long as there is
   equality within the limits of the classification, under Const.
   section 174, requiring equality in taxation, and U. S. Const.
   Amend. 14, prohibiting a state from depriving any person of
   his property without due process of law, or denying to any
   person the equal protection of the law, an arbitrary classifi-
   cation for purposes of taxation is void.
2. Statutes—Construction.—It is a fundamental rule of statutory
   construction that a law will be construed, if possible, so as
   to render it valid, rather than so as to render it invalid.
3. Taxation—Levy—Assessment—Mode of Assessment of Corpo-
   rate Property—Valuation of Franchise.—Ky. St. 1903, section
   4081, provides that in taxing railroad, telegraph, telephone,
   express, sleeping, and palace car companies, etc., the lines of
   which extend beyond the State, that proportion of the value
   of capital stock which the length of the lines in this State
   bears to the total length of the lines shall be considered in
   fixing the value of the corporate franchise taxable in this
   State, and such franchise shall be taxed in each county, in-
   corporated town, etc., through which such lines are operated,
   in the same proportion that the length of the line in such
   county, etc., bears to the whole length of the lines within

Morrell Ref'g'r Car Co. v. Commonwealth.

the State. Defendant is a Kentucky corporation, engaged in manufacturing refrigerator cars in this State which it leased to a packing house company in another state. Held, that, while refrigerator car companies were not expressly included in the statute, the Legislature intended to include within the statute all corporations similar to those enumerated; and, defendant's business being similar to that of the car companies named, it was subject to taxation under section 4081.

4. Towns—Taxation—Omitted Property.—The cities of this State have power to levy and collect taxes, and to retrospectively assess all omitted property, and have an ample fiscal system of their own; and since, where the statute gives a special remedy, it is exclusive, Ky. St. 1903, section 4241, making it the duty of the sheriff or auditor's agent to list for taxation all property omitted by the assessor, etc., for any years, and providing the manner in which such property may be assessed, does not authorize the assessment of defendant's corporate franchise thereunder for the benefit of a town; the statute being intended to apply only to State, county, and district taxes.

5. Schools and School Districts—Taxes—Levy and Assessment— Statement of Purpose of Tax.—Const. section 180, provides that every resolution passed by any county, city, town, etc., levying a tax shall specify the purpose for which the tax is levied. A resolution of the trustees of a school district declared that a property tax of 50 cents on each $100 worth of taxable property should be levied. He'd, that the levy was void, as omitting to state the purpose thereof.

6. Same—Subsequent Levy.—Though the levy was void for failure to specify the purpose thereof, the trustees may subsequently make a valid levy.

7. Taxation — Place of Taxation — Corporate Property — Rolling Stock of Car Company.—Where defendant refrigerator car company, a Kentucky corporation, leased the greater number of its cars for use in another state, but operated a small number of them in this State, only those cars operated in this State are taxable here.

Nunn, J., dissenting.

HUMPHREY & HUMPHREY, JOHN E. KANE and L. R. YEAMAN for appellant.

## POINTS AND AUTHORITIES.

1. Appellant's tangible property is not assessable in Kentucky.

Morrell Ref'g'r Car Co. v. Commonwealth.

(Union Refrigerator Transit Co. v. Kentucky, 199 U. S., 194; Delaware, Lackawanna & Eastern R. R. Co. v. Pennsylvania, 198 U. S., 341; Louisville & Jeffersonville Ferry Co. v. Kentucky, 108 U. S., 385.)

2. It would seem that appellant is a corporation within the terms of Kentucky Statutes, section 4077, and therefore subject to what is therein called a franchise tax. (Louisville Tank Line Co. v. Commonwealth, 93 S. W. 635, 29 Ky. Law Rep., 257.)

3. If it be assumed that appellant is subject to a franchise tax, then the value of its franchise must be determined in accordance with the proportionate method applicable to corporations carrying on business both in and out of the State. From this would be deducted the value of the tangible property assessed in Kentucky, leaving the remainder as the value of the franchise. (Constitution, sction 174; Kentucky Statutes, sec. 4077; Henderson Bridge Co. v. Commonwealth, 99 Ky. 623, 641; Henderson Bridge Co. v. Ky., 166 U. S., 150; Commonwealth v. Cumberland Tel. & Tel. Co., 30 Ky. Law Rep., 723; Kentucky Statutes, sec. 4020; Louisville Tob. W. H. Co. v. Commonwealth, 106 Ky., 165; Marion Bank v. Burton, 26 Ky. Law Rep., 864; Ky. Statutes, secs. 4077, 4078, 4079, 4080, 4081; Louisville Tank Line Co. v. Commonwealth, 93 S. W. 635, 29 Ky. Law Rep., 257; Commonwealth v. Covington & Cincinnati Bridge Co., 114 Ky., 343; Hager v. Am. Surety Co., 28 Ky. Law Rep., 782; Adams Express Co. v. Ohio, 166 U. S., 223; Union Refrigerator Transit Co. v. Kentucky, 199 U. S., 144; Louisville, etc., Ferry Co. v. Kentucky, 188 U. S., 385; Delaware, etc., R'y Co. v. Pennsylvania, 198 U. S., 341; Fourteenth Amendment, Constitution of U. S.)

4. The judgment of the circuit court to the effect that appellant owed taxes to Carlisle county, Town of Bardwell, and Graded School District of Bardwell can not be sustained; because

(1) There should have been no judgment in favor of the Town of Bardwell.

Kentucky Statutes, sec. 4241, authorizing revenue agents to list property, applies only to taxes for State, county, and district purposes derived from property assessed by the county assessor. (Citizens National Bank of Lebanon v. Commonwealth, 118 Ky., 51; Riedel, Sheriff v. Commonwealth, 118 Ky., 926; Botto's Ex'r v. City of Louisville, 117 Ky., 800.)

(2) Resolutions making the tax levies passed by the trustees of the Town of Bardwell and of the Graded School District of Bardwell failed to specify for what the taxes were levied. They were, therefore, void. (Constitution, sec. 180; City of Somerset v. Somerset Banking Co., 109 Ky., 550; U. S. F. & G. Co. v. Board of Ed. of Somerset Pub. Grad. School, 118 Ky., 358.)

(3) No judgment for county taxes should have been entered. There was no allegation or proof from which it could be determined whether any tax was due to the county, or, if any, the amount thereof.

(4) As to franchise taxes the judgment is clearly erroneous in form. (Commonwealth v. Adams Express Co., 118 Ky., 312.)

T. M. COLLINS and J. M. NICHOLS & SON for appellee. .

1. The only question presented by appellant's appeal is: Did appellant have a franchise, during the years 1899, 1900, 1901, 1902, 1903, 1904, subject to taxation in Kentucky? If it did, the judgment must be affirmed, if it did not, it must be reversed.

2. In a proceeding of this kind there are but three questions presented to the county court. First. Is the property under consideration liable to assessment and taxation? Second. If so, what value shall be fixed in making the assessment? Either party may appeal from a decision on the first question; but the county court's judgment as to value is final and conclusive.

3. There is nothing in the Kentucky Statutes requiring the county court to assess only a part of appellant's franchise; but on the contrary we think the statute required that court to ascertain and assess its entire franchise value, less the assessed value of its tangible property taxable in Kentucky.

4. If a foreign corporation comes into Kentucky and transacts its business here it is not taxed on its corporate franchise but "on the franchise of doing business in this State," and that franchise is allowed to do it by Kentucky.

AUTHORITIES CITED.

Com. v. Lovell, 101 S. W., 970; Louisville Tank Line. Co. v. Com., 95 S. W., 635; Southern B. & L. Asso. v. Norman, 98 Ky., 295.

OPINION OF THE COURT BY JUDGE BARKER—Reversing.

The Morrell Refrigerator Car Company is a corporation organized under the corporation laws of Kentucky, and has its principal place of business at Bardwell, Carlisle county, Ky. Its authorized capital stock is fixed at $100,000, and it owns a large number

of refrigerator cars, which it rents or hires to John Morrell & Co., Limited, of Ottumwa, Iowa. This latter corporation is engaged in the packing house business, and uses the cars it rents from the appellant company for the purpose of carrying its products to various points of shipment throughout the United States and Canada. To the various railroads which haul its cars west of the Mississippi river it pays one cent per mile per car, and to those which haul its products east of the Mississippi it pays three-fourths of a cent per mile per car. A very small part of its products—perhaps not greater than 5 per cent. of the whole—is shipped to or through Kentucky. In 1903 this proceeding was commenced in the county court of Carlisle county by T. C. Halteman, State auditor's agent, under section 4241, Ky. St. 1903, to have all of the property of the defendant corporation, including its franchise, assessed as omitted property for the years 1895 to 1903, inclusive. Pending the litigation an amendment was filed, including the year 1904. The county judge held that the five-year statute of limitation barred the State's right for all the years included in the statement prior to 1899, but for the years 1899 to 1904, inclusive, he reassessed the corporation for all of its property, including the total number of its cars and franchise. From this judgment an appeal was prosecuted to the Carlisle circuit court, where so much of it as assessed the cars of the defendant was reversed, but the total value of the defendant's franchise was assessed for State, county, and city purposes for the year 1899 to 1904, inclusive. To test the soundness of this judgment this appeal is prosecuted.

The appellant corporation at first denied that it was liable to a franchise tax at all, but now concedes

that, under the opinion of this court in the case of Louisville Tank Line v. Commonwealth, 93 S. W. 653, 29 Ky. Law Rep. 257, its franchise is included among those corporations which section 4077, Ky. St. 1903, requires to pay a franchise tax. The only question, then, on this branch of the case is whether or not the corporation shall pay a tax on all of its franchise to the State of Kentucky and other taxing districts therein to which it is subject, or whether, under section 4081, it is entitled to an apportionment of its franchise after the plan therein set forth, and pay only on such proportion as is taxable in Kentucky. Section 4077 enumerates the classes of corporations subject to a franchise tax, and, as above said, it is now admitted that the appellant corporation is included in the general language, "and every other like company, corporation or association," which follows the enumeration of the corporations required to pay a franchise tax; so that as said above it only remains to ascertain how the franchise is to be taxed. It is insisted by appellant that its franchise must be taxed under the provisions of section 4081, which is as follows: "If the corporation organized under the laws of this State or of some other state government be a railroad telegraph, telephone, express, sleeping, dining, palace or chair car company, the lines of which extend beyond the limits of the State, the said board will fix the value of the capital stock as hereinbefore provided, and that proportion of the value of the capital stock, which the length of the lines owned, leased or controlled in this State, bears to the total length of the lines owned, leased or controlled in this State and elsewhere, shall be considered in fixing the value of the corporate franchise of such corporation liable for taxation in this State; and such

corporate franchise shall be liable to taxation in each county, incorporated city, town or district through, or into which, such lines pass, or are operated, in the same proportion that the length of the line in such county, city, town or district bears to the whole length of lines in this State." Appellant admits, of course, that it is not specifically named in the list of corporations set forth in the above section, but claims that it is fairly embraced within the spirit of the statute, and that the court should so construe the language of the law as to tax its franchise by the same method of pro rata apportionment as is given to the corporations specifically named in the section; and it is insisted that this should be done, not only because the language of the section will legitimately bear such construction, but that any other will render the law inimical to those provisions of the State and federal Constitutions which require equality in the matter of taxation. On the other hand, the State insists that the provision of section 4081 for a pro rata assessment of franchises should be limited to the corporations specifically named therein, and that a taxing statute may not be liberally construed as against the State and in favor of a partial exemption from taxation. It is undoubtedly true that a state may classify the various subjects of taxation within its territory upon a reasonable basis, and, so long as equality prevails within the limits of the classification established, no valid complaint can be made of a discrimination as between the classes. Section 174 of our Constitution requires equality of taxation, and the Fourteenth amendment of the Constitution of the United States provides that no State shall deprive any person of his "property, without due process of law; nor deny to any person within its jurisdiction

the equal protection of the laws." Now, while, as said before, the State may classify its various subjects of taxation, this classification must not be arbitrary, and the State statute which makes an arbitrary classification is void, both under the Constitution of our own State and of the provisions of the Fourteenth amendment above quoted. G., C. & S. Fe Ry. v. Ellis, 165 U. S. 150, 17 Sup. Ct. 255, 41 L. Ed. 666; A., T. & S. Fe Railroad Co. v. Matthews, 174 U. S. 96, 19 Sup. Ct. 609, 43 L. Ed. 909.

The State insits that the classification made, by including all of the corporations specifically named in section 4081, and excluding the appellant corporation, would be a reasonable classification, because the corporations named operate either raliroad, telegraph or telephone lines both in this State and in other States or countries, and that it would be manifestly unfair to tax the whole franchise of a railroad which operates in two or more states in one of them. There would be more force in this suggestion if the subjects of franchise taxation enumerated in the section under discussion were limited to railroad, telegraph or telephone corporations. Unfortunately for this position express companies, sleeping car, dining, palace, and chair car companies are specifically enumerated as subjects of taxation whose franchises must be apportioned among the states or countries through, or into which, it operates. It is true that the appellant corporation does not either own or lease any lines of railroad over which it operates; but it is a matter of common knowledge that express companies, sleeping car companies, dining, palace, and chair car companies do not own or lease the lines over which they operate, but their cars are hauled, under contract, by the railroads over whose lines their cars are moved. There is

not the slightest difference between the business done by the appellant corporation and that which is done by sleeping, dining, palace or chair car corporations. Louisville Tank Line v. Commonwealth, supra. All of these various organizations own cars with which they make a profit by having them hauled throughout the States by contracts with the various railroads over whose lines their cars are operated; and, unless we can say that a mere difference in the name of the corporation is a reasonable basis for classification, it is not maintainable that there can be one rule for the taxation of appellant's franchise and another and more favorable one for the taxing of the franchise of sleeping, dining, palace, or chair car corporations organized in this State. So that it can hardly be questioned that if the appellant corporation may not be included within the language used by section 4081, and thus obtain the same method of taxation of its franchise that is enjoyed by the corporations specifically enumerated therein, then this section is inimical to the Fourteenth amendment of the Federal Constitution, and necessarily void. It is a fundamental rule of statutory construction that the law should be given, if possible, such a construction as will render it valid rather than one which will render it invalid.

We had occasion to review at some length the question when and how far the courts are justified in expanding or contracting, adding to or subtracting from the language of a statute in order to preserve the integrity of the law, in the case of Commonwealth v. Rosenfield Bros. & Co., 118 Ky. 374, 26 Ky. Law Rep. 726, 80 S. W. 1178, 82 S. W. 433, and we said on this subject in the opinion: "The cardinal rule of statutory construction is that the intention of the Legislature shall be effectuated, even at the expense of the

letter of the law; and, to accomplish this, the meaning of words may be modified, the structure of sentences changed, or some words rejected altogether, and others interpolated. Endlich, in his work on the Inter-pretation of the Statutes, section 295, thus states the rule: 'Where the language of a statute in its ordinary meaning and grammatical construction leads to mani-fest contradiction of the apparent purpose of the enactment, or to some inconvenience or absurdity, hardship, or injustice, presumably not intended, a con-struction may be put upon it which modifies the mean-ing of the words, and even the structure of the sen-tence. This is done sometimes by giving an unusual meaning to particular words, sometimes by altering their collocation, or by rejecting them altogether, or by interpolating other words, under the influence, no doubt, of an irresistible conviction that the Legisla-ture could not possibly have intended what its words signify, and that the modifications thus made are mere corrections of careless language, and really give the true intention. The ascertainment of the latter is the cardinal rule, or rather the end and object of all con-struction; and, where the real design of the Legisla-ture in ordaining a statute, although it be not pre-cisely expressed, is yet plainly perceivable or ascer-tained with reasonable certainty, the language of the statute must be given such a construction as will carry that design into effect, even if in so doing the exact letter of the law be sacrificed, or though the construc-tion be, indeed, contrary to the letter. And this rule holds good even in the construction of criminal stat-utes. Of course, if the meaning of the Legislature is clear, every technical rule of construction must yield, and, though the words used to express that meaning be not apt for the purpose, they will be so construed

as to serve the same.  And, a fortiori, if there is an express declaration of the intent and meaning of a statute by a provision in the same to carry out that intent, all other parts of the act are controlled in construction of it.  A clause doubtful upon its grammatical construction will be controlled by the general intent of the Legislature, rather than by the literal meaning of the language.'  This principle is upheld in the case of Commonwealth v. Grinstead & Tinsley, 108 Ky. 59, 21 Ky. Law Rep. 1444, 55 S. W. 720, 57 S. W. 471.  In the case of Sams v. Sams' Admr., 85 Ky. 400, 9 Ky. Law Rep. 24, 3 S. W. 594, it is said: 'It is a well-settled rule of construction that the letter of a statute will not be followed when it leads to an absurd conclusion; but, on the contrary, the reason for the enactment must enter into its interpretation, so as to determine what was intended to be accomplished by it.' In the case of Bailey v. Commonwealth, 11 Bush 689, Judge Cofer, speaking for the court, said: 'Words in a statute are always to be understood according to the approved use of language.  But there are other rules of construction of equal dignity and importance, which must not be overlooked, and which, although not incorporated in our statute, are as binding upon the courts as if embodied in it.  One of these rules is that "every statute ought to be expounded, not according to the letter, but according to the meaning;" and another that "every interpretation that leads to an absurdity ought to be rejected;" and still another that a law "ought to be intepreted in such manner as that it may have effect, and, not be found vain and illusive."' To the same effect is Feemster v. Anderson, 6 T. B. Mon. 537."

We have no difficulty in reaching the conclusion that in enacting section 4081 the Legislature intended that

it should embrace all corporations similar to those
enumerated; in other words, to embrace all corpora-
tions which operate or carry on business over rail-
road, telegraph or telephone lines partly in this State
and partly in other States or countries. And we are
equally clear that, under the foregoing authority, we
have the right to extend the term ''express, sleeping,
dining, palace, or chair car company'' to embrace all
car companies or corporations which operate in this or
other States over lines they own or lease, or which
operate over the lines of railroads by having their cars
hauled under special contract. It is impossible to con-
ceive that the Legislature intended to make a dis-
tinction in the mode of taxation between a refrigerator
car company and a palace car company doing business
in precisely the same way. The refrigerator car com-
pany owns refrigerator cars which it rents out or hires
for the purpose of transporting fresh slaughtered
beef and other meats and vegetables and similar per-
ishable products from one point of the continent to
another. The palace car company owns specially con-
structed cars which it rents out or hires for the pur-
pose of transporting live stock, such as beef cattle,
horses, sheep, and other live animals from one point
of the continent to another. In all of their essentials
the two businesses are precisely the same; both are
common carriers; neither owns the lines of railroad
over which its cars are transported. In the case of
Louisville Tank Line v. Commonwealth, 93 S. W. 635,
29 Ky. Law Rep. 257, where the appellant corporation
was denying that its franchise was taxable at all, it
became necessary for the court to discuss the charac-
ter of business it did as compared with the business
done by those corporations which are specifically men-
tioned in the statute; and, while the question we have

here was not involved in that case, the utterance in the opinion on the subject of the business of the corporation throws a strong cross-light upon the question we have in hand. Speaking of the tank line company, it is said "It says it is not a common carrier, yet its business is exclusively that of hiring its vehicles to carry commerce on railroads. So far as that is concerned, it is not one whit different in nature from chair car, dining car, or sleeping car companies. We know that there are corporations who furnish cars of peculiar design to shippers, such as refrigerator cars for butcher products and the shipping of fruits, or 'palace' cars for horses and cattle, poultry cars, and so forth. All these are engaged in "like' business to the sleeping car and chair car companies. The fact that the owner of these cars hires out its whole outfit to one customer does not change the character of its business. Refrigerator car companies, the horse palace car companies, and dining car companies who do not operate railroads, in the absence of legislation, might not be compelled to serve the public. At any rate, they would be under no penalty to the public for failing to do so. Having the right to hire out all their cars to such members of the public as they may choose to serve, it follows that they could let them all to one customer. Still the business would be auxiliary to that of common carriers by supplementing their agencies with those of a special make and adapted to a particular and limited use by which commerce is handled by railroad companies over their tracks. It partakes of every essential feature of some of the companies specifically designated in the statute."

There being no difference in principle between the business done by the appellant corporations and that done by some of the corporations enumerated in sec-

tion 4081, of necessity its franchise must be assessed and taxed in the same way as their franchises are assessed and taxed., If not, then that uniformity demanded both by section 174 of our own Constitution and by the Fourteenth amendment of the Constitution of the United States is violated. The trial court erred, therefore, in refusing to assess the franchise of the appellant corporation under and according to the provisions of section 4081.

It was error to assess the franchise of appellant corporation for the benefit of the town of Bardwell (sixth class) under section 4241 of the Kentucky Statutes of 1903. All cities of this Commonwealth, by their charters, are given the power to levy and collect taxes. They have inherent power thereunder to retrospectively assess all omitted property. Citizens' National Bank of Lebanon v. Commonwealth, 118 Ky. 51, 25 Ky. Law Rep. 2254, 80 S. W. 479, 81 S. W. 686; Botto's Exr. v. City of Louisville, 117 Ky. 800, 25 Ky. Law Rep. 1918, 79 S. W. 241. The rule is that, where the statute gives a specific remedy, it is exclusive. And, as the cities have elaborate fiscal systems of their own, it must be presumed that the Legislature did not intend that section 4241 should be extended to give them a new and unnecessary remedy, but that it was intended to confine the section of the statute in question to State, county, and district taxes.

It is also urged by appellant that the court erred in enforcing the tax levies of the Bardwell graded school district, because they are void under the provisions of section 180 of the Constitution, which is as follows: "The General Assembly may authorize the counties, cities or towns to levy a poll tax not exceeding one dollar and fifty cents per head. Every act enacted by the General Assembly, and every ordinance and resolution

passed by any county, city, town, or municipal board
or local legislative body, levying a tax, shall specify
distinctly the purpose for which said tax is levied, and
no tax levied and collected for one purpose shall ever
be devoted to another purpose." It is said that the
tax levies are void because the resolutions by which
they were created failed to state the purpose for
which the taxes were to be levied. The tax levies in
question are for the years 1899, 1900, 1901, 1902 and
1903. They are all substantially alike, and a copy of
one will serve our whole purpose here: "May 11,
1903. Board of trustees of Bardwell graded free
school district met at the office of Dr. W. L. Mosby.
Present: Anderson, Bodkin, Black, Mosby and
Vaughn. W. L. Mosby, chairman. Motioned and car-
ried that a property tax of fifty cents on each one hun-
dred dollars' worth of taxable property in said dis-
trict and a poll tax on each white male citizen in said
district over twenty-one years old be levied for
scholastic year 1903. W. L. Mosby, chairman. J. H.
Black, secretary." In the case of United States Fidel-
ity & Guaranty Co. v. Board of Education of Somer-
set Public Graded School, 118 Ky. v. 55, 27 Ky. Law
Rep. 246, 80 S. W. 1191, the levy was as follows: "On
motion, the levy for 1899 was fixed at $1.00 on every
$100.00 worth of property, and $2.00 for each poll."
This was held to be void, because it failed to state the
purpose for which the tax was levied, and therefore
was inimical to section 180 of the Constitution. In the
case of City of Somerset v. Somerset Banking Co.,
109 Ky. 549, 60 S. W. 7, 22 Ky. Law Rep.1129, the tax
levy was embraced in the following order of the coun-
cil: "E. M. Rousseau made a motion to fix the tax
levy at seventy-five cents on each one hundred dollars,
and one dollar poll. The motion was seconded by R.

Kolker, and carried on a call of yea and nay." And it was held that this was clearly in violation of section 180 of the Constitution, and void. The opinion in these cases are conclusive of the question here. No distinction can be made between the levies in the cases cited and those at bar. They are therefore void, and the court erred in enforcing them. But we are further of opinion, as said in the case last above cited, that the trustees may yet enact valid resolutions or levies conforming to the provisions of section 180 of the Constitution, for those years not barred by the statute of limitations.

It is conceded by the appellant corporation that the circuit judge erred in his judgment that none of its cars were taxable as omitted property. A small number of the cars owned by appellant were operated in Kentucky, and these are taxable in this State under the principle laid down by the Supreme Court of the United States in the case of Union Refrigerator Transit Co. v. Kentucky, 199 U. S. 194, 26 Sup. Ct. 36, 50 L. Ed. 150. When the case returns to the circuit court, this will be corrected in the judgment to be entered.

For the reasons given, the judgment is reversed for proceedings herewith.

Judge Nunn (dissenting) : I can not agree to the opinion herein for three reasons: First. Section 4081 of the Kentucky Statutes of 1903 is not applicable to this case. Appellant has no lines of railroads, telegraph, telephone, or other lines in this State or any other State. Its only business is to manufacture cars and rent them to John Morrell & Co., Limited, which uses them upon lines of railroads. Appellant is a Kentucky corporation, and, so far as taxation is concerned, is a similar institution to a bank organized in this

State which transacts business with the people of this
State and with those of other States, and which pays
its whole franchise tax to the State of Kentucky. The
express, sleeping, dining, palace, or chair car com-
panies, referred to in the opinion as being like appel-
lant herein, are very different in my opinion; for these
companies rent the privilege from the railroad com-
panies to have their cars hauled over their lines, and
they operate them, and in the meaning of the statute
they do use lines of railroads passing through differ-
ent States, but not so with appellant. It rents no line,
operates no cars, but only constructs and rents them,
and for this reason the Legislature did not include in
section 4081 corporations like appellant. But, sup-
pose I am mistaken in this, the General Assembly in
enacting section 4081 left out corporations like appel-
lant, and left them to be taxed under section 4077,
which requires them to pay the whole of their fran-
chise tax to the State of Kentucky, and in my judg-
ment this court has no power to amend section 4081
by construction or to interpolate it by inserting the
words "or every like company or corporation," trans-
posed from section 4077, to aid this appellant in avoid-
ing taxation. If the words were in section 4081, it
would not include this appellant, because it is not a
like company or corporation to those mentioned there-
in. The sole power to enact laws is with the General
Assembly, and this court's duty is to construe them,
and not to amend them by inserting words and
phrases. If the court's construction of section 4081,
as stated in the opinion, is correct—that is, that this
appellant corporation is a like corporation to the
chair car company and other corporations mentioned
in the section—then the section as enacted by the Gen-
eral Assembly might unjustly discriminate against

appellant and be in violation of section 14 of the U. S. Constitution; but, even if this is so, the court would have no power to amend the section, and in that case it would be this court's duty to declare the whole section void and leave all corporations to be taxed on their whole franchise as provided in section 4077. But in my opinion the section is valid. Appellant is not a like corporation to those mentioned in section 4081. For these reasons, I dissent from the opinion of the court.