## Morton v. City of Fullerton et al.

(Decided April 23, 1929.)

WOODS, STEWART, NICKELL & SMOOT and J. R. SOWARDS for appellant.

J. D. ATKINSON and MOORMAN DITTO for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE McCANDLESS
—Affirming.

Plaintiff sought to enjoin the city of Fullerton and its officers from selling his property under a lien alleged to exist for unpaid taxes for the city of Fullerton for the year 1927. Fullerton is a town of the sixth class, and the taxes in question were levied by an ordinance duly enacted on the 9th of May, 1928. Appellant's contention is that no levy was made during the year 1927, and that the levy attempted to be made on May 9, 1928, for the year 1927, is void. Appellees assert that the board of trustees did make a levy for the 1927 taxes at a date within that year, which, through inadvertence of the clerk, was not recorded; that most of the residents of the city paid taxes for that year under such levy, but that plaintiff sought an injunction against the collection of taxes on his property on the ground that no levy had been made therefor, and this injunction was granted by the circuit court, and remained in full force and effect thereafter; and that the ordinance of May 9, 1928, was enacted to cure the defects in the unrecorded ordinance. The circuit court dismissed the petition, and plaintiff appeals.

As the alleged original levy cannot be established by parol evidence, the question turns on the right of the board of trustees to make the levy in question after the expiration of the year for which it is made; a right that can only be acquired by legislative action. Section 3704, subsec. 3, Ky. Statutes, authorizes the board of trustees of towns of the sixth class "to levy and collect annually a property tax, not exceeding fifty cents (50c) on the one hundred dollars' ($100.00) valuation." Section 4281u of the Statutes provides "that the fiscal court of each county shall annually levy an ad valorem tax and may levy a poll tax not exceeding $1.50 on each male inhabitant," and the same provision is made to apply to trustees and boards of council in all cities under the second class; it appearing that first and second class cities are controlled by another provision.

Appellant insists that the above provisions are to be construed together, and that when so construed. they restrict the time in which said municipalities may make levies to a date within the year for which the tax is levied; and cites a number of authorities from other courts in support of the proposition, that statutory provisions as

to time and place of levy must be strictly observed to impose a legal tax. On this point, however, there is quite a diversity of opinion, and perhaps an equal number of courts construe such provisions as directory, and hold that delay in making a levy beyond the statutory period will not avoid the tax, and our court has adopted the latter rule. In case of the City of Somerset v. Somerset Banking Co., 109 Ky. 549, 60 S. W. 5, 22 Ky. Law Rep. 1129, the levy had been made by the city council of Somerset for the year 1898, at a time when less than a quorum was present. This court held that the tax levy was void for that reason. It also appeared that the purpose of the taxes then attempted to be levied was not specified in the ordinance, and it was held that this was a violation of the provisions of section 180 of the Constitution, and rendered the ordinance void. After so holding, the opinion in that case continues:

"We are, therefore, of the opinion that the levies in question are void; but it does not follow that the city is without remedy. If the council has, by inadvertence or neglect failed to perform a duty imposed upon it by law at the proper time, it may yet perform it. The city government has been established for the reason that it was deemed necessary for the peace and good order of the community, and a mere mistake of the council will not be allowed to destroy the government, or cripple its efficiency. Where the council has failed to make a proper levy it may subsequently do so. This was determined in Levi v. City of Louisville, 97 Ky. 394, 30 S. W. 973 (16 Ky. Law Rep. 872), 28 L. R. A. 480, and the conclusion announced in that case is supported by the great weight of authority."

In the Levi case the ordinance levying the tax was found to be irregular and not void, and it was held that this could be cured by subsequent ordinances. The court, however, quoted with approval the following excerpt from Cooley on Constitutional Limitations (5th Ed.) p. 279: "There is and must be an inherent power in every town to bring the money necessary for the purposes of its creation into the treasury, and if its course is obstructed by ignorance or mistakes of its agents, they may proceed to enforce the end and object by correcting the means."

The later case of Commonwealth for use of Keown v. C., O. & S. Ry. Co., 141 Ky. 633, 133 S. W. 559, was an action to recover franchise taxes for the county from the railroad corporation for the year 1896-97. The county recovered in the lower court, but, on appeal to this court, in an opinion appearing in 129 Ky. 322, 108 S. W. 248, 111 S. W. 334, 32 Ky. Law Rep. 1119, the order of levy was held to be *void,* because it did not state the purpose of the tax. In this the opinion followed Commonwealth v. United States Fidelity & Guaranty Co., 121 Ky. 409, 89 S. W. 251, 28 Ky. Law Rep. 362, and the Somerset case, supra. On a return of the case, the fiscal court met in 1907 and corrected the matter referred to by adopting a new ordinance. Judgment was again awarded in favor of the county, and the company again appealed. In the latter appeal the company relied on the statute of limitations, and further claimed that a void levy could not be corrected by a levy made ten years subsequently. In reference to this the court said:

"The fiscal court was under the duty, if it levied a tax at all, to specify the purposes to which it was to be applied. The Constitution so required for the protection of the public, the taxpayers and creditors of the county. If that body failed to so specify, it did not relieve the county of its obligation for its debts, and consequently did not relieve taxpayers of their duty and liability to provide the means of discharging the county's obligations whenever a valid procedure was adopted for their protection. We say in such cases that an order or ordinance or statute failing in the particular mentioned is void, and it is. But we have not said and it is not true that everything else done toward providing for the gathering in of a necessary sum by taxation to defray the county expenses was void also; nor that it was without the power of the levying body to make a valid levy in lieu of a void one. On the contrary, it has more than once been declared that it was within their power and was their duty to do so. (Levi) v. Louisville, 97 Ky. 394 (30 S. W. 973, 16 Ky. Law Rep. 872, 28 L. R. A. 480.) Somerset v. Somerset Banking Co., 109 Ky. 549 (60 S. W. 5, 22 Ky. Law Rep. 1129); Morrell Refrigerator Car Co. v. Commonwealth (128 Ky. 447, 108 S. W. 926) 32 Ky. Law Rep. (1383); L. & N. R. R. Co. v. Louisville (29 S. W. 865, 16 Ky. Law Rep. 796). When it is said that

such levy ordinances are void, it is meant that they are void until they are made to comply with the requirements of the Constitution.

"Nor, is it perceived why the fiscal court might not do voluntarily what it could have been compelled by mandamus to do, that is, in the levy orders specify the purposes of the levy. The taxpayer who has not paid is certainly not prejudiced by the proceeding. He is protected when he is required to pay by an order complying in form with the Constitution. He is not deceived into believing that he was not intended to be taxed, whereby he has failed to protect himself by preserving evidence of the value of the property assessed.

". . . The plaintiff's cause of action was defective when the petition was filed, not because there was not a liability on the part of appellees, nor because of lack of right on the part of plaintiffs, but because of an omission by officials to do in a particular way that which they had attempted to do, but failed through inadvertence to do as in the manner required. The failure did not defeat the county's right to assess or collect the tax. It merely postponed it until the omission was cured. There may be a vast difference in legal effect between an entire omission to levy a tax, and an ineffectual effort to levy it. The former could not be amended The latter may be. *If the fiscal court had failed altogether—had not attempted, let us say—to levy a tax for 1896, it was nevertheless competent for it to levy it subsequently, for until its power was exhausted it might be exercised.* The rights of the parties would however be fixed as of the date of the levy, not as of the time when it might have been first levied." (Our italics.)

Under the provisions of section 2983, Ky. Statutes, the general council of cities of the first class are authorized to make an omitted levy for a preceding year, and the Levi case may be distinguished in that way. It is also true that section 4281u was not enacted until March 1906, and that the Somerset and Keown cases arose under different statutes. The Somerset case involved section 3490, Ky. Stat., which was slightly different from section 4281u, and in this respect may be distinguished from the present case, though this distinc-

tion hardly applies to the reasoning of the court in that opinion. But if these cases are not directly in point, and are to be regarded as persuasive only, it must be admitted that the Keown case is directly in point. It arose under section 1839 of the 1909 Statutes authorizing and empowering fiscal courts to levy taxes for county purposes, and which at the time of levy construed in the Keown case provided: "The fiscal courts . . . shall have jurisdiction to levy each year for county purposes a poll tax on each male inhabitant . . . and an ad valorem tax on all property subject to taxation within the county. . . ."

In reference to limiting the time in which a levy must be made, no distinction can be drawn between the words "and shall have jursdiction to levy each year for county purposes" appearing in section 1839, and the words, "Shall annually . . . levy an ad valorem tax for county purposes," as they appear in section 4281u. The word "annually" means "yearly," and the two statutes must be construed as identical in this respect. It follows that the Keown case is direct and conclusive upon this point.

Lastly, it is urged that a distinction is to be drawn between a defective levy ordinance which may be subsequently amended and an absolutely void ordinance which cannot be amended after the year in which the levy is first made. This point is also directly answered in the quotation supra from the Keown case. We think the above authorities conclusive on the proposition stated, and the court properly dismissed plaintiff's petition.

Wherefore, perceiving no error, the judgment is affirmed.