## Janutola & Comadori Construction Company v. Taulbee et al.

(Decided April 30, 1929.)

M. K. EBLEN for appellants.

D. G. BOLEYN and J. T. BOWLING for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Hazard is a city of the fourth class. On July 17, 1922, it passed an ordinance providing for the improvement of a portion of East Main street in that city at the expense of the abutting property owners. Pursuant to due advertisement bids were received, and the bid of Major Davidson, who was acting as agent for the Janutola & Comadori Construction Company, was accepted.

This suit was brought by Joseph Janutola and Sam Comadori, partners doing business under the firm name and style of Janutola & Comadori Construction Company, against S. S. Taulbee and others, abutting property owners, to enforce the lien on their property. A demurrer was sustained to the petition, and the petition was dismissed. On appeal the judgment was reversed. Janutola & Comadori Construction Co. v. Taulbee et al., 211 Ky. 356, 277 S. W. 477. On the return of the case, answers were filed, and on a final hearing the petition was again dismissed. From that judgment this appeal is prosecuted.

In support of the judgment, appellees contend that the work done was separate and apart from the ordinance and resolutions. The basis of this contention is that appellants were also constructing a section of the state highway within the city of Hazard, and that the plans and specifications for the work here involved were the same as those for the state highway, and provided for a street with a crown of 24 feet and a ditch line on each side of the street. Uniformity in the entire road or street, so far as possible, was highly desirable, and the board of council exercised good judgment in adopting the same plans and specifications for the work ordered by the city as were being used by the state highway department. The fact that this was done does not justify the assumption that the contractor was not acting under the ordinance and resolutions, but was acting under a contract with the state highway department. Nor, as pointed out in our former opinion, is there any merit in the contention that the contract provided for grading and drainage whereas nothing was said about drainage in the ordinance. The ordinance did provide that the improvement should be constructed in accordance with the plans and specifications on file in the office of the city engineer, and the plans and specifications provided that the work done should include, "all grading, clearing, grubbing

shaping, and trimming road bed, shoulders, and ditches, constructing all drainage," etc.

Another contention of appellees is that the contract is not binding on them because the minutes of the council show that the bid of Major Davidson and not that of appellants was accepted. Though the uncontradicted evidence shows that Major Davidson was acting as the agent of appellants in making the bid, it is insisted that the record made cannot be impeached except upon the allegations of fraud or mistake, which was not done, and that a subsequent order of the council correcting the mistake could not be made so as adversely to affect the rights of appellees who were innocent parties. We need not inquire whether evidence to the effect that Major Davidson was in fact the agent of appellants in making the bid would constitute an impeachment of the record. The record was corrected by the council so as to show that Major Davidson was the agent of appellants, and that they were the successful bidders. The power of a council to correct its records so as to conform to the facts cannot be doubted. In doing this, the rights of appellees were in no wise prejudiced. The work was done in compliance with the bid and in accordance with the plans and specifications. Not only were appellants the successful bidders, but they were the ones who actually performed the work. The correction of the record was therefore in the interest of justice and fair dealing, and appellees have no ground of complaint.

There is some evidence in the record by one of appellees that one of the councilmen, and a relative of his, stated that the contract for the improvement was let to the state highway department, and that the state of Kentucky would bear the expense. This was not sufficient to show fraud or collusion on the part of the board of council and appellants. Councilmen speaking as individuals cannot estop the city or the contractor from asserting an improvement lien where the proceedings are regular and valid and the work has been completed according to contract.

The construction of section 3563, Kentucky Statutes, limiting the assessment for any street improvement to one-half of the value of the lots or parcels of real estate upon which the assessment is made, and providing that the improvement shall be taken into consideration in fixing the value of such real estate, is not now before us,

and we refrain from expressing any opinion on the subject.

There being no merit in any of the defenses interposed, it follows that appellants were entitled to a judgment enforcing a lien on the property of appellees.

Judgment reversed, and cause remanded, with directions to enter judgment in conformity with this opinion.