# Ward et al. v. Lester et al.

(Decided October 17, 1930.)

DENTON & PERKINS and B. J. BETHURUM for appellants.

WESLEY & SON and W. M. CATRON for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—. Reversing.

Science Hill is a town of the sixth class. On May 28, 1928, the board of trustees, as shown by its journal, took the following action:

"At a continued meeting of the regular session, a resolution was made and adopted, to buy from the City of London, in Laurel County, a fire engine and a donation sheet should be circulated to raise money for first payment on same."

On June 4, 1928, the board took this action:

"A motion was made to purchase the fire engine from London, provided it will stand inspection and place us in a ninth class insurance rating."

On July 2, 1928, this action was taken:

"With three members present the motion was made, seconded and carried to levy a tax rate of

twenty-five cents on each hundred dollars of taxable property, same to be used to pay on fire truck and upkeep; also for the handling same."

These are the only ordinances or resolutions adopted by said council in reference to the purchase of the fire truck or taxation therefor.

The taxes were placed in the hands of the marshal for collection, and on June 25, 1929, appellee, a resident and taxpayer of the town, brought this action to enjoin the marshal from levying on his property to make the taxes. A preliminary injunction was granted. The defendants answered and, among other things, pleaded that at a regular meeting of the board of trustees, on September 2, 1929, four members being present, an ordinance was duly passed, as follows:

"Whereas at a meeting of the Board of Trustees, held on May 28, 1928, a motion was adopted to buy from the City of London, Laurel County, Kentucky, a fire engine and truck and that a donation sheet should be circulated to raise the money for the first payment on same and

"Whereas at a regular meeting of said Board of Trustees, held June 4, 1928, motion was adopted to purchase a fire engine from the City of London, Kentucky, provided it would stand inspection and Place Science Hill in a ninth class insurance rating, and

"Whereas, afterwards, a committee was appointed to inspect and purchase said truck and said committee reported that said engine and truck stood the inspection, and that same could be bought at the price of $1,000, and the Board of Trustees agreed to accept said engine and truck at said price of $1,000, and same was delivered by the said City of London, Kentucky, to the town of Science Hill, and by reason of the purchase of the said engine and truck the town of Science Hill was placed in the ninth class of insurance rating, and

"Whereas on July 2, 1928, at a regular meeting of the Board of Trustees of the town of Science Hill, Kentucky, motion was made and seconded and adopted to levy a tax of twenty-five cents on each $100.00 of taxable property in said town of Science Hill, Kentucky, for the purpose of raising funds to

pay for said engine and truck and for the upkeep and handling of same.

"Now for the purpose of ratifying and confirming the purchase of said engine and fire truck and the levying of the aforesaid tax, it is now ordained that all the acts of all committees in reference to the purchase of said engine and truck from the said City of London, Kentucky, at the price of $1,000 be adopted and ratified as the acts of this Board of Trustees, and it is stipulated and agreed that the price to be paid for said engine and truck to the City of London, Kentucky, was the sum of $1,000, which was so agreed to be paid by said committee by the town of Science Hill, Kentucky, and which agreement is now ratified and made part of this ordinance, and it is now further ordained that the tax so levied of twenty-five cents on each $100.00 of the taxable property of the town of Science Hill, Kentucky, to be used to pay for said engine and truck and the upkeep and handling of same, which was adopted at a regular meeting held July 2, 1928, be and the same is ratified and confirmed and there is now levied the tax of twenty-five cents on each $100.00 of taxable property of Science Hill, Kentucky, assessed for the year 1928, and for the purpose of raising funds for the payment of said engine and truck and payment for the upkeep and handling of same." .

It was shown that the board had, before July 2, 1928, made a levy of 50 cents on each hundred dollars of property for municipal purposes. The circuit court on these facts held the tax invalid and enjoined the officer from collecting it. He appeals.

The original act for the government of cities of the sixth class contained this provision:

"No ordinance or resolution granting any franchise shall be passed by the board of trustees within five days after its introduction, nor at any other than a regular meeting. No resolution or order for the payment of money shall be passed at any other time than at a regular meeting. No ordinance incurring a liability, or requiring an appropriation of exceeding fifty dollars for any one object or purpose, shall be valid, unless the same be voted for (and the yeas and nays be so entered upon the journal) by four members of the board." Ky. Stats. 1903, sec. 3699.

The act also, among other things, gave the council this power:

"To levy and collect annually a property-tax, not exceeding fifty cents on the one hundred dollar's valuation." Ky. Stats., 1903, sec. 3704 (3).

But by the act of 1922 the statute was amended as follows:

"1. That all cities of the sixth class shall have the right to incur indebtedness not to exceed $4,-500.00 for fire apparatus.

"2. The Board of Trustees of said sixth class cities by a majority vote shall have the power to incur said indebtedness.

"3. Whenever the Board of Trustees of cities of the sixth class shall incur indebtedness for fire protection, there shall be levied annually a tax not to exceed in any year, thirty cents on the one hundred dollars which shall be placed in sinking funds for redemption of said indebtedness." Acts 1922, c. 136.

Again by the act of March 17, 1928, the following was substituted for subsection 3 of section 3704:

"Levy and collect property tax—To levy and collect annually a property tax, not exceeding Seventy-Five Cents (75c) on the One Hundred Dollars ($100.00) valuation." Acts 1928, c. 139.

The Legislature adjourned on March 16, 1928. The act took effect under the Constitution ninety days thereafter, or in June, 1928, and was in effect on July 2, 1928, when the council took the action above quoted on that day. That action was not void under section 3699, Kentucky Statutes, because taken by three of the trustees. The act of 1922 expressly authorizes such action to be taken by three members of the board. This was expressly held in City of Ravenna v. Boyer Fire Apparatus Co., 218 Ky. 429, 291 S. W. 782.

Though the board, under the act of 1922, had power on May 28 to buy a fire engine, its action on that day was not final. The same thing is true of its action on June 4. Its action of July 2 was final, but the record as made did not set out all the facts and these were not spread on the record until September 2, 1929. The question pre-

sented is: Did the board subsequently have power to correct its record so as to make it speak the truth? The precise question was presented recently in Morton v. City of Fullerton. 229 Ky. 76, 16 S. W. (2d) 797. In that case the facts were thus stated by the court:

"Fullerton is a town of the sixth class, and the taxes in question were levied by an ordinance duly enacted on the 9th of May, 1928. Appellant's contention is that no levy was made during the year 1927, and that the levy attempted to be made on May 9, 1928, for the year 1927, is void. Appellees assert that the board of trustees did make a levy for the 1927 taxes at a date within that year, which, through inadvertence of the clerk, was not recorded; that most of the residents of the city paid taxes for that year under such levy, but that plaintiff sought an injunction against the collection of taxes on his property on the ground that no levy had been made therefor, and this injunction was granted by the circuit court, and remained in full force and effect thereafter; and that the ordinance of May 9, 1928, was enacted to cure the defects in the unrecorded ordinance."

On these facts the judgment of the circuit court in favor of the city, in a suit like this by a taxpayer, to enjoin the collection of the taxes, was affirmed. That case followed Levi v. City of Louisville, 97 Ky. 394, 30 S. W. 973, 16 Ky. Law Rep. 872, 28 L. R. A. 480; Somerset v. Somerset Banking Co., 109 Ky. 549, 60 S. W. 5, 22 Ky. Law Rep. 1129; Morrell Refrigerator Car Co. v. Com., 128 Ky. 447, 108 S. W. 926, 32 Ky. Law Rep. 1383. To same effect, see Janutola, etc., Co. v. Taulbee, 229 Ky. 213, 16 S. W. (2d) 1026. The rule upon which these opinions rest is therein thus stated:

"The city government has been established for the reason that it was deemed necessary for the peace and good order of the community, and a mere mistake of the council will not be allowed to destroy the government, or cripple its efficiency. Where the council has failed to make a proper levy it may subsequently do so."

The levy made by the city of a tax of 25 cents on each one hundred dollars to pay for the engine and truck and

600

the upkeep and handling of same was not invalid, because it included the pay for the upkeep and handling of the engine and truck. By the act of 1928, which was then in force, the council had authority to levy a tax of 75 cents and all the taxes levied did not exceed 75 cents. The handling and upkeep of the truck was a legitimate muni-cipal expense and was properly provided for.

Judgment reversed, and cause remanded for a judgment dismissing the petition.