## Downey v. Board of Education of Logan County et al.

(Decided March 11, 1932.)

JOHN WHITAKER for appellant.

COLEMAN TAYLOR for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On April 4, 1931, the board of education of Logan county, pursuant to section 4399a-8, Kentucky Statutes, submitted to the fiscal court of the county a budget showing the amount of money needed for school purposes during the succeeding school year, and recommending a levy of 60 cents, on each $100 of taxable property in the county. The schools of the county are maintained for a minimum term of eight months, and so the rate of

levy may be as much as 75 cents. The fiscal court made the levy demanded by the board of education. Shortly after the levy was made, two large school buildings in the county were destroyed by fire. The amount of insurance carried on the buildings was not sufficient to replace them. On July 3, 1931, the board of education adopted a resolution reciting these facts and the further fact that an additional levy of 15 cents would be necessary to provide sufficient funds to construct adequate buildings to replace the two destroyed by fire. A 15-cent levy would have produced $17,996.07. Embodied in the resolution was a demand that the fiscal court make an additional levy of 15 cents on each $100 of property in the county taxable for school purposes. The resolution was filed with the fiscal court, but that body failed to take any action. The board of education proceeded with the work of erecting two school buildings, and contracted an indebtedness of approximately $18,000. After this indebtedness had been created, and about January 1, 1932, it was discovered that the fiscal court had failed to make the additional levy of 15 cents as requested by the board, and on January 20, 1932, the county board of education adopted a resolution proposing to fund the indebtedness and to issue bonds in the sum of $17,996.07. Thereupon the appellant, John H. Downey, a resident, citizen, and taxpayer of Logan county, brought this action against the county board of education and the members composing the board to enjoin them from funding the indebtedness and issuing the proposed bonds.

The defendants answered, denying that the board of education was without authority to fund the indebtedness, the case was submitted upon an agreed stipulation of facts, and the circuit court entered a judgment dismissing plaintiff's petition.

The appellant relies upon the case of Hockensmith v. County Board of Education of Franklin County, 240 Ky. 76, 41 S. W. (2d) 656, 659, but appellees insist that the Hockensmith case is not controlling, because the only question decided in that case was that a county board of education could not become indebted in any amount in excess of the amount asked for in its budget submitted to the fiscal court.

It is true the precise question now under consideration was not presented in the Hockensmith case, but the rule announced in that case clearly precludes the issuing

of bonds by a county board of education under facts such as we have before us. Whether or not a county board of education can fund by the issuing of bonds a valid floating indebtedness under any circumstances is not presented. Undoubtedly the indebtedness in the instant case was valid when created, because the board of education had complied with the provisions of section 4399a-8 of the Statutes by submitting an additional budget to the fiscal court accompanied with a request for an additional levy sufficient to meet the emergency. It does not follow, however, that the board, merely because the fiscal court failed to act on its request, may fund the indebtedness by issuing bonds. As said in the Hockensmith case, supra, it was the intention of the Legislature that a board of education should operate on the pay-as-you-go plan. In that case we said:

"To carry the contention of the board in this case to its logical conclusion would result, we repeat, in repealing the very section of the Statutes relied on by defendant herein in that, as we have seen, it would permit defendant as such board of education to itself expend the amount of taxes that could be raised by the levy and collection of a county rate of an amount representing the difference between the rate it asked for in its submitted budget, and the maximum one that it could have asked for. If such expenditures should be approved as binding and conclusive in such a case, then the statute, to the extent of that indebtedness, would have been wholly ignored. Clearly, as will appear from what we have said, it was the intention of the Legislature that a board of education should operate on the pay-as-you-go plan. Such a plan would result in no hampering of the board in executing and performing its functions; for, if after it has submitted its budget to the fiscal court of the county for the levy of a rate less than the maximum rate that it could have demanded an emergency should arise, or it should become manifest that an additional levy, not to exceed in all the maximum rate prescribed, will be required, it could then submit an additional budget to the fiscal court accompanied with a request for an additional levy sufficient to meet the emergency, but not to exceed such provided maximum rate. In this manner it could perform its functions to the fullest

extent, and at the same time confine its activities within the express provisions of the statute, and which latter, it appears, was enacted for the very purpose of restraining the board of education from expending money and becoming indebted in defiance of such statutory or constitutional restraints.''

Appellee also relies on the case of King v. Christian County Board of Education, 229 Ky. 234, 16 S. W. (2d) 1053, but the question as to whether or not a county board of education could, under any circumstances, fund even a valid floating indebtedness was not determined in that case. The only question decided was that the pleadings did not present facts showing that the indebtedness proposed to be funded was valid.

When the fiscal court of Logan county failed to make the additional levy, the county board of education should have sought a mandatory injunction to compel it to act. That remedy was ample, and is still available. Morton v. City of Fullerton, 229 Ky. 76, 16 S. W. (2d) 797; Ward v. Lester, 235 Ky. 595, 31 S. W. (2d) 924. Or the board may carry over the indebtedness and include it in its budget for the next year. Elliott County Fiscal Court v. Elliott County Board of Education, 193 Ky. 66, 234 S. W. 947; City of Dayton v. Board of Education, 201 Ky. 566, 257 S. W. 1021.

The judgment is reversed, with directions to enter a judgment granting the relief prayed for in plaintiff's petition.