## FARSON v. COUNTY BOARD OF EDUCATION OF PERRY COUNTY, KY.

### No. 7610.

Circuit Court of Appeals, Sixth Circuit.

Jan. 13, 1939.

Bailey P. Wootton, of Frankfort, Ky. (Bailey P. Wootton, of Frankfort, Ky., and R. N. Erskine, of Chicago, Ill., on the brief), for appellant.

T. E. Moore, Jr., of Hazard, Ky., for appellee.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

SIMONS, Circuit Judge.

The appellant sued the Board of Education to recover money advanced to it by the decedent to fund outstanding indebtedness incurred by the Board for school expenses during preceding years. To fund this indebtedness the Board had issued to the decedent refunding notes in sums of $1,000 each, aggregating $19,000, payable to the decedent over a period of years. The questions to be decided are whether the Board had authority under the Constitution of Kentucky to incur the indebtedness and to issue the notes. Upon the trial a jury was waived, and the late Judge Cochran held (1) that the indebtedness was invalid, and (2) whether so or not the notes themselves were invalid.

A petition for rehearing was granted, but pending decision by this court of the case of First Trust Company of St. Paul, v. County Board of Education of Whitley County, involving similar issues, hearing was from time to time continued. Upon the announcement of our decision, 6 Cir., 78 F.2d 114, Judge Cochran's judgment was permitted by his successor to stand on the ground that our decision in the Whitley County Case was not controlling.

The Board of Education on June 14, 1916, had adopted a resolution in which it was recited that it was its duty under Kentucky statutes to provide school facilities; that in pursuance of that duty it had incurred in preceding years valid unpaid outstanding indebtedness in the sum of $19,000; that there were no funds immediately available to pay such indebtedness; that it was to the advantage of the County and its taxpayers to fund it and to defer payment to such times as taxpayers should not be unduly burdened; that while there was no express provision of the statutes for the execution of funding notes by County Boards of Education, it was advised that there was implied power for such issue; that there was an excess of revenue for the current year, and that in no year during which the outstanding indebtedness had been accumulated had any indebtedness been incurred in excess of revenues. The notes issued in pursuance of the resolution recited that they were for the purpose of raising money to fund a valid indebtedness incurred for legitimate school expenses; that they were in full compliance with all requirements

of law and pursuant to resolutions duly recorded; that all acts, conditions and things required by the constitution and laws of Kentucky to be done precedent to and in the issuance of the notes had been properly done and performed in regular and due form in strict accordance with the provisions of law authorizing them, and that the total indebtedness of the Board, including that evidenced by the notes, did not exceed the limits fixed and prescribed by the constitution and laws of the state.

Section 157 of the Constitution of Kentucky provides:

"No county, city, town, taxing district, or other municipality, shall be authorized or permitted to become indebted, in any manner or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an election to be held for that purpose; and any indebtedness contracted in violation of this section shall be void. Nor shall such contract be enforceable by the person with whom made; nor shall such municipality ever be authorized to assume the same."

Section 158 of the Constitution, however, provides:

"Nothing herein shall prevent the issue of renewal bonds, or bonds to fund the floating indebtedness of any city, town, county, taxing district or other municipality."

■ In construing these sections of the Kentucky Constitution Judge Cochran followed and applied the reasoning of his own opinion in the Whitley Case, D.C., 5 F.Supp. 49, wherein the conclusion was developed, based upon an analysis of the decisions of the Court of Appeals of Kentucky, that while a county is for school purposes a taxing district and a municipality within the meaning of §§ 157 and 158 of the Kentucky Constitution, its Board of Education is not, but is merely an arm through which the taxing district operates; that while the Board of Education has power to anticipate income and revenue arising from a levy made before their collection and receipt by borrowing an amount equal thereto to be paid out of such revenue when collected, it is not possible for the Board otherwise to accumulate a valid indebtedness, and it can never fund such an indebtedness even though invalid. This was expressly decided in Downey v. Board of Education of Logan County, 243 Ky. 66, 47 S.W.2d 931; Hockensmith v. County Board of Education, 240 Ky. 76, 41 S.W.2d 656; Allen County Fiscal Court v. Allen County Board of Education, 242 Ky. 546, 46 S.W.2d 1070.

When the Whitley County Case came to this court on appeal we found the law of Kentucky, insofar as it had been announced by its court of last resort at the time the bonds in the Whitley Case had been issued, to be as follows: Beginning with the case of Vaughn v. City of Corbin et al., 217 Ky. 521, 289 S.W. 1104, decided in 1927, the Court of Appeals had decided that a city or county could fund its floating indebtedness. The Vaughn Case was followed by the Kentucky court in a long line of decisions, none of which, however, involved county Boards of Education. On May 3, 1929, however, the Court of Appeals had decided the case of King v. Christian County Board of Education, 229 Ky. 234, 16 S.W.2d 1053. Our analysis of that case led to the conclusion that §§ 157 and 158 of the Kentucky Constitution as there interpreted permitted Boards of Education to incur and refund floating indebtedness. The bonds in the Whitley Case having been issued and sold in December, 1929, subsequent to that decision, we applied the rule of Gelpcke et al. v. City of Dubuque, 1 Wall. 175, 206, 17 L.Ed. 520, held the bonds valid, and reversed. See, also, Anderson v. Santa Anna, 116 U.S. 356, 6 S.Ct. 413, 29 L.Ed. 633.

■ When the indebtedness in the present case was incurred and the refunding notes were issued by the Board of Education in 1919, the King Case had not, of course, been decided. No rights had vested and no obligations had been incurred upon its authority as a pronouncement of Kentucky law. The Hockensmith, Allen and Downey Cases, though later than the King Case, declare the law of Kentucky to be as Judge Cochran found it, notwithstanding the King decision. While in the Whitley Case we suggested that the decisions subsequent to the King Case affected future transactions only, that was in aid of a conclusion that vested interests had arisen which were based upon the King decision rather than a generally applicable observation. The controlling question here being one of power, and power in Boards of Education to incur or refund indebtedness in excess of revenue being non-existent under Ken-

tucky law, the recitals in the Board's resolution and in the funding notes may not bring it into operation on any theory of estoppel. Royal Oak Drain Dist. v. Keefe, 6 Cir., 87 F.2d 786, 791.

The judgment below is affirmed.